### In the ESTATE OF Margie MITCHELL, Deceased.

### No. 06-99-00145-CV.

Court of Appeals of Texas, Texarkana.

Submitted April 12, 2000.

Decided April 13, 2000.

---

Lionel Mills, Houston, for appellant.

Lynda Kay Burchett, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

This appeal arises out of a challenge to the court approved partition and sale of Simon and Margie Mitchell's community property homestead. Simon died intestate in 1994; Margie died intestate in 1996.

The estate property includes the marital domicile, a house appraised at approximately $43,300.00.

In August 1997, appellee Joyce Dobbins, Margie's sister, applied to the probate court to be appointed independent administrator of Margie's estate. Dobbins also asked the court for a declaration of heirship specifying the interest of Margie's seven sisters and brothers. The court appointed Dobbins administrator of the estate and declared that each of Margie's siblings owned a one-seventh interest in her estate.

In July 1998, Dobbins filed an application to partition the house between the heirs owning Margie's one-half interest and the heirs owning Simon's one-half interest. Appellant, Christine Mitchell, and Jessie Lee Mitchell Burns filed an answer contesting partition on the ground that Margie's heirs did not have an interest in the house. The trial court held a hearing, and on October 23, 1998, rendered judgment declaring Margie's and Simon's heirs co-owners of the house. The court ordered the house to be sold and the proceeds divided among the owners.

In July 1999, the house was sold at a private sale for $38,000.00. Mitchell and Burns filed a motion contesting the sale or, in the alternative, requesting the court to set aside the sale. The court again held a hearing, and on September 2, 1999, rendered an order confirming the sale.

■ On appeal, Mitchell contends that the trial court erred by ordering the partition and by confirming the sale of the house.[1] The basis for Mitchell's first point is that the property in question was the community homestead and it was error to partition it while it retained its homestead character. We find that Mitchell did not preserve this contention for review. The court issued its order for partition of the property in October 1998. That order was an appealable order. *See Kelley v.*

1. Burns did not join in the appeal.

*Harsch,* 161 S.W.2d 563 (Tex.Civ.App.-Austin 1942, no writ). Mitchell filed her notice of appeal on September 2, 1999. Thus, Mitchell's notice was not timely. TEX.R.APP. P. 26.1. She cannot now collaterally attack the order that she failed to timely appeal.

In her second point, Mitchell contends that the trial court should not have approved the sale because (1) it did not comply with the court's order, (2) the house was not sold for fair market value, (3) the sale was not made in compliance with the law, (4) the report of the sale was not verified, and (5) the court's order partitioning the estate was error. We have already overruled Mitchell's fifth contention, and we find that her other four contentions are improperly briefed. Mitchell does not cite any legal authority or direct us to facts in the record supporting those contentions. TEX.R.APP. P. 38.1(h).

Nevertheless, we have reviewed the record and find no error in the court's actions. The court's order specified that, as agreed by the parties, Millie Lott of Lott Realty Company would sell the property and report back to the court in accordance with TEX. PROB.CODE ANN. § 353 (Vernon 1980). The parties agreed that the sale would be a private sale. Section 353 of the Probate Code requires that the report of sale (1) be filed within thirty days of the sale, (2) be in writing, (3) be sworn to, (4) be filed with the clerk, (5) be noted on the probate docket, (6) show the date of the order of the sale, (7) show a description of the property, (8) show the time and place of sale, (9) show the name of the purchaser, (10) show the amount of the sale, (11) show the terms of the sale and whether the sale was made privately or at a public auction, and (12) show whether the purchaser is ready to comply with the order of sale.

■ The record reveals that Ms. Lott acted as the realtor for a private sale. The amended report of sale, filed before the trial court's hearing and contained in the record, complies with Section 353's requirements. As for Mitchell's contention that the report of sale was not verified, we note that the amended report of sale was accompanied by Dobbins' written, sworn affidavit attesting to its truthfulness, and a verified exhibit of the condition of the estate.

■ There is no conclusive evidence that the sale for $38,000.00 was so inadequate that the court abused its discretion in approving the sale. Although the property had been appraised for $43,000.00, there is no evidence that the property could have been sold for that amount at the time the sale was made. At the hearing, Mitchell contended that she had an offer of $45,000.00 for the property. There was some indication in the record, however, that the purchaser who actually bought the property had already executed an earnest money contract, put earnest money in escrow, and begun the title work at the title company before the other offer was made.

Mitchell has not cited us to any authority that would lead us to disturb the trial court's judgment. We therefore overrule her contentions and affirm the judgment of the trial court.