Linda Sue Grounds LONG, Appellant

v.

Barbara Grounds SPENCER, John Samuel Grounds, and Madison Lee Grounds, Appellees.

No. 05–03–00981–CV.

Court of Appeals of Texas, Dallas.

July 1, 2004.

Linda Sue Grounds Long, appellant pro se.

Sheila Renee Vansant, John D. Hill, Hill Ellis Walker Hill & Shea, Sherman, for appellees.

Before Justices FITZGERALD, MARTIN RICHTER, and LANG.

## OPINION

Opinion By Justice FITZGERALD.

Appellant Linda Sue Grounds Long[1] appeals the trial court's judgment disbursing the proceeds from the sale of real property in a suit for partition. Appellant raises thirteen issues for our review. For the

---

1. Long pursues her appeal pro se. At different times, she has filed documents in this Court purporting to identify other appellants. However, only Long invoked this Court's jurisdiction by filing a timely notice of appeal.

reasons that follow, we dismiss a number of appellant's issues for lack of appellate jurisdiction, and we affirm the trial court's judgment.

## BACKGROUND

Appellant's widowed mother died in August 2000. The mother's will named appellant's sister, appellee Barbara Spencer, executrix of the mother's estate. The will left the mother's property to her seven children, or their survivors, equally. When the heirs could not agree on a plan to divide the mother's home, Spencer—joined by two of her siblings, John and Madison Grounds—filed this suit for partition. The trial court issued a series of orders in the proceeding, including its (1) November 21, 2001 Agreed Order; (2) April 1, 2002 Order Appointing Substitute Receiver; (3) August 20, 2002 Decree Confirming Sale; and (4) March 12, 2003 Judgment. The Agreed Order: identified the heirs of the property; found the property was subject to no mortgages, liens or other encumbrances; found the property not susceptible to partition in kind; ordered the property sold; and named a receiver to sell the property. The Order Appointing Substitute Receiver replaced the original receiver, who withdrew before the property was sold. The Decree Confirming Sale approved and confirmed the terms of sale of the property proposed by the substitute receiver and ordered the sale be made on those terms. The Judgment set forth the amount of the sale proceeds each heir was to receive from the registry of the court, adjusted the amounts for reconciliation of expenses and costs, and awarded attorney's fees to the prevailing party in the event of an unsuccessful appeal. Long appealed only the Judgment.

## JURISDICTION ISSUES

This appeal implicates two different issues of jurisdiction. We address in turn the timeliness of the appeal from the Judgment and the timeliness of the appeal of issues resolved by earlier orders of the trial court.

### Appeal from the Judgment

■ Appellant's first issue avers that this Court has jurisdiction over her appeal from the Judgment. The Judgment was entered on March 12, 2003, and early communications between this Court's Clerk and appellant addressed the timeliness of appellant's June 13, 2003 notice of appeal. At the direction of this Court, the trial court held a hearing and determined that appellant did not have notice of the entry of the Judgment until May 15, 2003. Accordingly, appellant's June 13, 2003 notice of appeal was a timely appeal of that Judgment. We decide appellant's first issue in her favor.

### Appeal of Issues Resolved by Earlier Orders

■ Unlike most other proceedings, a partition case involves two or more final appealable orders. *Carr v. Langford*, 144 S.W.2d 612, 613 (Tex.Civ.App.-Dallas 1940), *aff'd* 138 Tex. 330, 159 S.W.2d 107, 108 (1942). This is because a partition proceeding is—at least—a two-step process. *See id.; see also* TEX. RS. CIV. P. 760 (court shall determine share or interest of each claimant and all questions affecting title to property), 761 (court shall determine whether property is subject to partition in kind), 770 (if property not subject to equitable division, court shall order sale or property and partition proceeds). Thus, a trial court order directing that property be partitioned is an appealable order. *See Estate of Mitchell*, 20 S.W.3d 160, 162 (Tex.App.-Texarkana 2000, no pet.); *Kelley v. Harsch*, 161 S.W.2d 563 (Tex.Civ.App.-Austin 1942, no writ). Issues determined by the partition order must be challenged following its entry; they cannot be attacked collaterally after

the entry of a later order or judgment. *See Mitchell*, 20 S.W.3d at 162. The same rule applies for an order approving the terms of the proposed sale of real property in a partition suit: the terms of that order must be appealed—if at all—after its entry, before the property is sold. *See, e.g., Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995) (order is appealable in probate context when it disposes of all issues in the phase of the proceeding). The reasoning behind the rule is clear: in the partition process, decisions must be made upon which other decisions will be based. An appeal at each stage provides a practical way to review controlling, intermediate decisions before the consequences of any error do irreparable injury. *See Youngs v. Choice*, 868 S.W.2d 850, 852 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (citing *Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex.App.-Fort Worth 1987, no writ)).

 The rule is similar for orders appointing a receiver: a person may appeal from an interlocutory order of a district court that appoints a receiver. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(1). This right to appeal the order of receivership itself must be exercised within twenty days after the receivership order is entered. *Sclafani v. Sclafani*, 870 S.W.2d 608, 611 (Tex.App.-Houston [1st Dist.] 1993, writ denied). A challenge to the receivership order after twenty days has passed is untimely and will be dismissed by the appellate court. *See id.* at 613.[2]

Appellant's reply brief acknowledges that "partition proceedings are conducted in successive stages and that each stage is appealable." Nevertheless, appellant's thirteen issues include matters that clearly were resolved by the earlier appealable orders, which appellant did not timely appeal. We conclude the following issues were addressed in the Agreed Order and/or the Order Appointing Substitute Receiver, and should have been appealed following the entry of the relevant order(s):

- 3. Plaintiffs' pleadings do not support the appointment of a receiver.
- 4. Plaintiffs did not file an approved bond with the clerk of the court.[3]
- 5. Plaintiffs presented no qualifications of the receiver prior to his appointment.
- 6. The proposed receiver did not file a bond nor take an oath.
- 7. The order appointing the substitute receiver is not enforceable.
- 8. Not all parties or interested persons have been joined to the lawsuit. The lien holder was not joined to the lawsuit.[4]
- 9. Defendants were denied due process of law under both the State

---

**2.** In this case, the initial appointment of a receiver was accomplished by the Agreed Order. Thus, general receiver-based complaints and complaints concerning the original receiver were appealable after entry of the Agreed Order. Specific complaints concerning the substitute receiver were appealable after entry of the April 1, 2002 Order Appointing Substitute Receiver.

**3.** This complaint refers to the posting of an applicant's bond in a receivership proceeding.

**4.** The Agreed Order declared the property was "subject to no mortgages, liens, or other such encumbrances." Thus, if appellant was claiming the existence of a lien on the property, that claim was properly raised in an appeal of the Agreed Order.

The Agreed Order also identifies the six sibling-heirs and the two grandchildren-heirs identified in appellant's brief and declares each heir's interest in the property. The list specifically includes the appellant's brother, Kerry Kim Grounds, whom she complains was not "properly identified as a party to this lawsuit." Any complaint about the adjudication of his rights under that order should have been raised after entry of that order.

and Federal Constitutions. Defendants/Appellants inherited the property in fee simple. The petition of Plaintiffs/Appellants does not support receivership.[5]

- 11. The Agreed Order is an ex parte communication. One of the pro se parties was not present at the hearing.

We further conclude the following issues were addressed in the Decree Confirming Sale, and should have been appealed following the entry of that decree:

- 10. Receiver sold property he was not authorized to sell. Documents of the Plaintiffs/Appellees contained an incorrect legal description of the property in question even though Defendants/Appellees raised the issue.[6]

- 12. The receiver was incompetent and imprudent. Therefore, he did not fulfill his duty to the court.[7]

We conclude we are without jurisdiction to address issues 3 through 12, and we dismiss the portions of the appeal relating to those issue.

### CONFLICT OF INTEREST AND UNRESOLVED ISSUES

■ Appellant's remaining issues address a purported conflict of interest for counsel for appellees. Those issues charge:

- 2. [A] Conflict of Interest exists between Plaintiffs' attorneys and Defendants/Appellants. Attorneys for Plaintiffs/Appellees represented all heirs at the probate hearing and are now suing some of the heirs.

- 13. The trial court abused his discretion by not dismissing the attorneys for the Plaintiffs/Appellees and by not resolving issues of fact and law.

As the second issue summarizes, appellant complains that the same law firm represented "all heirs" in probate court and then represented plaintiffs against the other heirs in the partition suit below. The trial court did not disqualify the firm.

The firm filed the partition lawsuit below in July 2001. The Agreed Order was entered in November 2001. Appellant did not file her Motion to Disqualify the firm until February 21, 2002, more than three months later. Arguably, appellant should have raised the conflict issue within the first stage of the proceedings. However, because the firm in question continued to represent plaintiffs through entry of the Judgment, we will address these issues under the appeal of the Judgment.

Appellant's motion attaches no evidence; the allegations in the motion itself are not verified. We have found testimony concerning the charged conflict at only one hearing, a hearing on appellant's Motion to

---

5. The gravamen of appellant's complaint under this point is that despite having inherited the property in fee simple, defendants were "forced to sell their property without exercising their rights as owners of the subject property in fee simple." The Agreed Order declared the property was not subject to partition in kind and ordered it to be sold by a receiver.

6. The legal description of the property is included with the terms of its proposed sale in the Decree Confirming Sale.

7. This issue complains of the receiver's selling the property "by improvidence, on less favorable terms than those approved by the court, with an incorrect legal description, and with no accounting documentation." All of these complaints involved the terms of the sale of the property, which were approved by the court in the Decree Confirming Sale.

Reconsider. The testimony at that hearing is limited:

THE COURT: What do you think the conflict is, Ms. Long?

MS. LONG: His firm represented us at the probate hearing, and that is a conflict of interest, and now he's suing me, his firm is suing me, and that's not a conflict of interest?

MR. HILL: Your honor, that's a totally incorrect statement. Our firm did not represent her. Out firm represented only Barbara Spencer, the—who filed the probate as muniment of title. There was no issues involved. They were present at the proceeding. Ms. VanSant was there representing Ms. Spencer. There is no conflict whatsoever between our representing Barbara Spencer, these parties, and the parties that were involved in the probate. There is no conflict. If I thought there was any chance of a conflict, I would not do it under any condition. I have managed to go nearly 40 years without ever being charged with a violation so . . .

THE COURT: Yes, Ms. Long.

MS. LONG: Okay. Your Honor, it was our understanding that that suit for probate was filed for the heirs, and I am one of the heirs. Therefore he would have represented me, he or his firm would have. And that was our understanding.

Appellant offered no evidence that the firm represented her in probate proceedings; her "understanding" is not evidence that the firm was engaged to represent her interests rather than those of the estate, represented by its executrix. The trial court correctly rejected appellant's effort to disqualify appellees' counsel.

■ Finally, appellant's thirteenth issue also charges that the trial court abused its discretion by failing to rule on the following issues: the existence of a lien, the accuracy of the legal description of the property, the requirement of a bond, and the absence of an accounting. As we have discussed above, any complaints about the substance of these issues should have been raised at an earlier stage of the proceedings. However, to the extent appellant's complaint under the thirteenth issue is that the trial court failed to rule on the issues at all, the record belies her position. Indeed, appellant's own Motion to Reconsider includes each of these issues, and it asks the trial court to "reconsider" its earlier rulings on each of these issues. The order denying the Motion to Reconsider ruled on each of them again.

We decide appellant's second and thirteenth issues against her.

### Conclusion

We affirm the judgment of the trial court.