In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-371 CV


 ______________________



CHARLOTTE B. LYTZ, Appellant



V.



SUSAN WHALEY, FRANK HARRELL,


PAUL HARRELL AND DENNIS STAUTZ, Appellees


 




On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. CV-11462-B







MEMORANDUM OPINION

 Charlotte B. Lytz appeals the trial court's judgment awarding appellees Susan Whaley,
Frank Harrell, Paul Harrell, and Dennis Stautz $97,333.33, plus interest, attorney's fees, and
costs, against Lytz for breach of a contract for the sale of real estate. We reverse the
judgment and remand the case to the trial court. 


Background


 Susan Whaley, Frank Harrell, Paul Harrell, Dennis Stautz, S. Ruth Brogdon, Claudia
Taylor, Carole Yeager, Connie Lambert, and Charlotte B. Lytz are co-owners of land in San
Jacinto County, Texas. They each own a one-ninth undivided interest in the property. The
parties could not agree on a partition of the property, so appellees filed suit against the other
co-owners, including appellant Lytz, for partition and order of sale. See Tex. R. Civ. P. 770. 
 In an amended petition, appellees also alleged that Lytz had breached a contract,
executed after suit was filed, for the sale of the property. The prospective buyer, John Lewis,
deposited $21,900 as earnest money with an escrow agent as required by the contract. Lytz
signed the contract, but refused to return the closing documents. Lewis then terminated the
contract and recovered the earnest money, as expressly permitted by the contract. 

 After the contract was terminated, the trial court granted appellees' motions for sale
of property incapable of division, and to conclude sale, motions appellees filed pursuant to
the Property Code. See Tex. Prop. Code Ann. § 23.001 (Vernon 2000); see also Tex. R.
Civ. P. 761, 770. Lytz appealed the order granting appellees' motions, and the Supreme
Court transferred that appeal to the Thirteenth Court of Appeals. 

 The trial court then granted appellees' motion for partial summary judgment against
Lytz on the breach of contract claim. The court granted a severance motion, and signed the
final judgment awarding appellees $97,333.33, plus interest, court costs, and attorney's fees. 

The Trial Court's Jurisdiction


 In issue one, Lytz maintains that appellees' breach of contract claim was "implicitly"
overruled by the order granting appellees' motion for sale of property, and that the court's
plenary power expired before entry of the judgment she attacks in this appeal. She maintains
the district court lacked jurisdiction to render judgment on the breach of contract claim.

 The partition orders do not explicitly address appellees' breach of contract claim, nor
did the orders necessarily or implicitly address the claim; the claim is different from that
made pursuant to the Property Code, but not necessarily inconsistent. "[W]hen there has not
been a conventional trial on the merits, an order or judgment is not final for purposes of
appeal unless it actually disposes of every pending claim and party or unless it clearly and
unequivocally states that it finally disposes of all claims and all parties." Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 

 A judicial partition proceeding involves intermediate appealable orders. See Griffin
v. Wolfe, 610 S.W.2d 466, 466 (Tex. 1980); Snow v. Donelson, 242 S.W.3d 570, 572 (Tex.
App.--Waco 2007, no pet.); Long v. Spencer, 137 S.W.3d 923, 925 (Tex. App.--Dallas 2004,
no pet.). Certain intermediate orders in a partition action are appealable to "provide[] a
practical way to review controlling, intermediate decisions before the consequences of any
error do irreparable injury." Long, 137 S.W.3d at 926 (citations omitted). The appealability
of the partition orders did not, by itself, divest the court of jurisdiction over the separate
contract claim, however. 

 Because the orders on the motion for sale of property and motion to conclude sale did
not clearly and unequivocally state that they finally disposed of all claims and all parties, the
trial court retained jurisdiction to enter the subsequent judgment related to appellees' breach
of contract claim. See Lehmann, 39 S.W.3d at 205. We overrule issue one.

The Contract Claim


 In issue two, Lytz argues that when co-owners enter into a written agreement to sell
real property, and one co-owner breaches the agreement, only the buyer can sue for damages
for breach of contract. (1) 

 We are to construe the contract to give effect to the intention of the contracting
parties. See J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003). The contract
stated that "Seller," defined as "Susan Whaley, Frank Harrell, Paul Harrell, Dennis Stautz,
S. Ruth Brogdon, Charlotte B. Lytz, Claudia Taylor, Connie Lambert, and Carole Yeager[,]"
agreed to sell 87.6 acres to "Buyer," John Lewis. The contract contained express promises
between the seller and the buyer. The contract also provided certain remedies to the seller
if the buyer breached, and remedies to the buyer if the seller breached. When Lytz, as the
owner of an undivided interest in the property, refused to execute the closing documents, the
buyer was then entitled under the terms of the contract to terminate the contract and recover
the earnest money. He did this. The contract did not include any express promises between
the co-owners, nor did it expressly provide any remedy to the individual co-owners if one of
the co-owners failed to perform. See generally Carnell v. Kinser, 196 S.W.2d 941, 943-45
(Tex. Civ. App.--Amarillo 1946, writ ref'd). The sellers were not participants in a joint
venture. See generally Ayco Dev. Corp. v. G.E.T. Serv. Co., 616 S.W.2d 184, 186 (Tex.
1981) (elements of joint venture). Essentially, each co-owner agreed severally with the buyer
to sell only that co-owner's interest in the property; no co-owner had the authority or the
ability to convey more than his or her interest in the land to the buyer. See generally
Williams v. Cullen Ctr. Bank & Trust, 685 S.W.2d 311, 313 (Tex. 1985) (Generally, one co-tenant cannot bind the other co-tenants by contracting with third persons.). We are not
confronted here with a claim by the buyer that all co-owners were jointly liable to the buyer
in damages, nor does this case present a contribution claim. Choosing a remedy under the
terms of the contract, the buyer elected to "terminate this contract and receive the earnest
money, thereby releasing both parties from this contract." The contract limited the remedial
rights of the parties under these circumstances -- where the buyer elected to terminate the
contract -- to the parties' release from the contract. Once chosen by the buyer, the provision
in the contract was clearly intended to be an exclusive remedy resulting in a cancellation of
the contract and release of all parties. 

 Because the motion for summary judgment did not establish that Lytz owed a duty
under the contract to appellees, or that appellees were entitled to recover damages from Lytz
under the contract, the trial court erred in granting summary judgment on the claim. (2) We
sustain issue two. We need not address Lytz's third issue as it would entitle her to no greater
relief. See Tex. R. App. P. 47.1. We reverse the trial court' s judgment and remand the case
to the trial court.

 REVERSED AND REMANDED.

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on February 7, 2008

Opinion Delivered July 31, 2008


Before Gaultney, Kreger, and Horton, JJ.
1. Although Lytz labels the issue as one of "standing," we do not see the question as one
implicating subject matter jurisdiction. See DaimlerChrysler Corp. v. Inman, 252 S.W.3d
299, 304 (Tex. 2008); see also Patterson v. Planned Parenthood of Houston and Se. Tex.,
Inc., 971 S.W.2d 439, 442 (Tex. 1998) (discussing "standing").
2. Although Lytz filed no response to the motion for summary judgment, and no
response to requests for admissions, the movants still must establish entitlement to judgment
as a matter of law. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979); see, e.g., Wesson v. Jefferson Sav. & Loan Ass'n, 641 S.W.2d 903, 905-06 (Tex.
1982) (no duty). However, Lytz did not file a motion for summary judgment. We therefore
must remand the case to the trial court. Compare Lubbock County, Tex. v. Trammel's
Lubbock Bail Bonds, 80 S.W.3d 580, 583 (Tex. 2002) (When both sides move for summary
judgment and the trial court grants one motion and denies the other, the appellate court
should render the judgment the trial court should have rendered).