

## NUMBER 13-07-00039-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CHARLOTTE B. LYTZ,                                            Appellant,

v.

SUSAN WHALEY, FRANK HARRELL,
PAUL HARRELL, AND DENNIS STAUTZ,            Appellees.

### On appeal from the 411th District Court
### of San Jacinto County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

This is a partition case. Appellant, Charlotte B. Lytz, appeals from a November 30, 2006 order that granted a motion to conclude the sale of property filed by appellees, Susan Whaley, Frank Harrell, Paul Harrell, and Dennis Stautz. By two issues, appellant challenges, however, matters raised by the trial court's earlier October 19, 2006 partition order that granted appellees' motion for sale of the property incapable of division. Appellant contends that (1) the trial court abused its discretion by impliedly denying her

motions for continuance of the October hearing on appellees' motion for sale, and (2) the evidence is insufficient to establish that the property was incapable of partition. We dismiss for want of jurisdiction.[1]

## I. Background

Appellant and appellees are co-owners of a tract of real property (the property) consisting of 88.016 acres, more or less, out of the "Old Bass Homestead" of 567 acres in the Jose de la Garza Survey, San Jacinto County, Texas. Appellant and appellees each inherited an undivided 1/9th interest in the property following the death of a relative who owned the property.[2] On February 7, 2006, appellees filed their original petition seeking a partition and an order of sale of the property with the proceeds being divided among the nine joint owners.

### A. October Order

On June 13, 2006, appellees filed a motion for sale of the property and, following an unsuccessful sale of the property, renewed the motion on August 29, 2006. *See Lytz v. Whaley*, No. 09-07-371 CV, 2008 Tex. App. LEXIS 5684 (Tex. App.–Beaumont July 31, 2008, no pet. h.) (mem. op.). On October 16, 2006, appellant filed a motion for continuance and on October 18, 2006, filed a combined motion for continuance and motion to order mediation. On October 19, 2006, without ruling on appellant's motions, the trial court conducted a hearing on appellees' motion for sale of the property and entered an

---

[1]This appeal was transferred to this Court from the Ninth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220 (Vernon 2004) (delineating the jurisdiction of appellate courts); *id*. § 73.001 (Vernon 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). In addition, we note that the Beaumont Court of Appeals recently issued an opinion in a breach of contract case involving the same parties and property; however, the issues are distinct from those presented in this transfer case. *See Lytz v. Whaley*, No. 09-07-371 CV, 2008 Tex. App. LEXIS 5684 (Tex. App.–Beaumont July 31, 2008, no pet. h.) (mem. op.).

[2]The other co-owners of the property, Ruth Brogdon, Claudia Taylor, Carole Yeager, and Connie Lambert, did not file answers in the original lawsuit and are not parties to this appeal.

2

order (1) determining that the property was not susceptible to fair and equitable partition in kind and appointing a receiver to sell the property, (2) allocating a 1/9th undivided interest in the property to each of the joint owners, and (3) ordering a sale of the property with the proceeds to be returned to the registry of the court for division among the joint owners. *See* TEX. R. CIV. P. 760, 761, 770. It is undisputed that appellant did not file a notice of appeal from the October 19 order.

## B. November Order

On November 3, 2006, appellees filed a motion to conclude the sale, and a hearing on the motion was set for November 16, 2006. After appellant filed an amended motion to continue the hearing, the trial court reset the case for submission on November 30, 2006. Appellant filed a response to the motion for sale of the property on November 29, 2006. On November 30, 2006, the trial court signed an order granting appellees' motion for sale of the property. On December 12, 2006, appellant filed a notice of appeal seeking "to alter the trial court's judgment or other appealable order . . . signed on November 30, 2006 . . . as it relates to the division of the subject property."

## II. Analysis

This appeal is taken from the trial court's November 30, 2006 order granting appellees' motion for sale of the property. However, the issues brought by appellant in this appeal complain only of the October 19, 2006 order granting appellees' motion for the sale of the property incapable of division.[3]

## A. Applicable Law

---

[3]On appeal, appellant argues, in her first issue, that the trial court abused its discretion in impliedly denying her motions for continuance filed prior to the entry of the October order. Appellant also complains briefly, in this same issue, that she filed a motion for continuance on November 13, 2006, which was granted and signed without her appearance or that of her counsel. However, the trial court did continue the hearing after her motion was filed and did not rule on the motion until after appellant's response had been filed. Without more, these arguments are not persuasive.

Partition cases involve more than one final, appealable order. *Long v. Spencer*, 137 S.W.3d 923, 925 (Tex. App.–Dallas 2004, no pet.). This occurs because a partition proceeding is a two-step process. *Yturria v. Kimbro*, 921 S.W.2d 338, 341 (Tex. App.–Corpus Christi 1996, no writ); *see* TEX. R. CIV. P. 760 (providing that the trial court shall determine share or interest of each claimant and all questions affecting title to property), 761 (setting out that the court shall determine whether property is subject to partition in kind), 770 (explaining that if the property is not subject to equitable division, the court shall order sale of property and partition the proceeds); *see also Hershey v. Duncan*, Nos. 13-01-688-CV & 13-02-673-CV, 2004 Tex. App. LEXIS 9784, at *10 (Tex. App.–Corpus Christi Nov. 4, 2004, pet. denied) (providing that the first decree "is a final and appealable order which is conclusive of all matters decreed within it").

In the first step, the trial court determines whether the property is susceptible to partition or is the subject of a sale, the share or interests of each of the owners, all questions of law or equity affecting the title to the land, and appoints commissioners and instructs them as necessary. *See* TEX. R. CIV. P. 760, 761, 770; *Thomas v. McNair*, 882 S.W.2d 870, 876 (Tex. App.–Corpus Christi 1994, no writ); *see also Hershey*, 2004 Tex. App. LEXIS 9784, at **10-11. Issues determined by the partition order must be challenged following its entry and cannot be attacked collaterally after the entry of a later order or judgment. *Long*, 137 S.W.3d at 925-26; *see Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.–Tyler 1993, no writ) (providing that matters decided in the first order cannot be reviewed in an appeal from the second order); *see also Hershey*, 2004 Tex. App. LEXIS 9784, at *10. The same rule applies for an order approving the terms of the proposed sale of real property in a partition suit: the terms of that order must be appealed after its entry, before the property is sold. *Long*, 137 S.W.3d at 925-26.

4

In the second step of a partition suit, the court enters an order either approving the commissioners' report and giving the parties their share or rejecting the report and appointing other commissioners to partition the land. *Ellis*, 864 S.W.2d at 557. If the court approves the sale, this second order is a separate and distinct, yet final judgment. *See id.*

### B. Issues Related to October First-Step Order

In this case, while we have jurisdiction based on appellant's appeal from the second-step November order to conclude the sale, the scope of our review of her appeal is limited to issues pertaining to the November order. *See id.* Because appellant did not appeal from the earlier first-step October order, the issues related to that order are not properly before us. *See Long*, 137 S.W.3d at 925-26. We conclude, therefore, that this Court is without jurisdiction to address appellant's two issues—the sole issues brought for our review.[4] *See id.*

### III. Conclusion

Accordingly, we dismiss the appeal for want of jurisdiction.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 21st day of August, 2008.

---

[4]All motions pending in this Court are dismissed as moot.

5