# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00289-CV

### Fry Sons Ranch, Inc. and James Andy Fry, Appellants

**v.**

### Joseph Nathan Fry, Press Allen Fry, and Edward Heath Fry, Appellees

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 45,181, JUDGE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Fry Sons Ranch, Inc., and James Andy Fry (collectively, the "Ranch Defendants") have filed a petition for permissive appeal from an interlocutory order that denied their plea to the jurisdiction and granted a partial summary judgment in favor of the appellees, the plaintiffs below, on their claim to partition certain ranch property in Burnet County.[1] Because we conclude that the Ranch Defendants have not demonstrated that the trial court decided a "controlling question of law as to which there is a substantial ground for difference of opinion," we deny the petition.

---

[1] When an interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation," the trial court may permit an appeal "from an order that is not otherwise appealable." Tex. Civ. Prac. & Rem. Code § 51.014(d). Courts of appeals then have discretion to accept or deny the permissive appeal. *Id.* § 51.014(f); *see Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730-33 (Tex. 2019); *see also* Tex. R. App. P. 28.3 (procedure for permissive appeals in civil cases).

Fry Sons Ranch, Inc. is a closely held corporation in which four brothers are shareholders. In the underlying lawsuit, three of the brothers—Joseph Nathan Fry, Press Allen Fry, and Edward Heath Fry (collectively, the "Three Brothers")—sued the fourth brother, James Andy Fry, in connection with his duties as the corporation's president. In part, the Three Brothers sought a partition of the ranch property, which is owned by Fry Sons Ranch, Inc.[2] *See* Tex. R. Civ. P. 756 (petition to partition real property).

Unlike other proceedings, a partition suit is a two-step process resulting in two orders, each of which is considered final for purposes of appeal. *See Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980); *Jimmie Luecke Children P'ship, Ltd. v. Pruncutz*, No. 03-10-00840-CV, 2013 Tex. App. LEXIS 10362, at *6 (Tex. App.—Austin Aug. 16, 2013, no pet.) (mem. op.)*; Estate of Mitchell*, 20 S.W.3d 160, 162 (Tex. App.—Texarkana 2000, no pet.). In the first order, sometimes referred to as the "interlocutory" partition order, the trial court determines (1) the interests of all joint owners or claimants, (2) all questions of law affecting title, and (3) if the property is susceptible to partition. Tex. R. Civ. P. 760, 761, 770; *Williams v. Mai*, 471 S.W.3d 16, 18 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ). If the trial court determines the property is susceptible to partition, it will appoint commissioners and give them appropriate instructions for determining how to divide the property. *See* Tex. R. Civ. P. 761, 764. Issues determined by the partition order must be challenged following its entry; they cannot be attacked collaterally after the entry of a later order or judgment. *Pruncutz*, 2013 Tex. App. LEXIS 10362,

---

[2] According to the Three Brothers, James Andy Fry wasted corporate assets and breached his fiduciary duty to them as shareholders. As a result, the Three Brothers also seek monetary and injunctive relief for breach of fiduciary duty, breach of contract, and shareholder oppression.

2

at *8; *Snow v. Donelson,* 242 S.W.3d 570, 572 (Tex. App.—Waco 2007, no pet.); *Mitchell*, 20 S.W.3d at 162.

After completing their work, the commissioners submit a report to the trial court describing their proposed division of the property. *Pruncutz*, 2013 Tex. App. LEXIS 10362, at *7 (citing Tex. R. Civ. P. 769 (report of commissioners)); *see* Tex. R. Civ. P. 771 (objections to report). In the second order, sometimes referred to as the "final decree," the trial court approves the commissioners' report and sets aside to the parties their respective shares. *Pruncutz*, 2013 Tex. App. LEXIS 10362, at *7; *Ellis*, 864 S.W.2d at 557.

In this case, the trial court signed a partition order on March 6, 2019, directing that the ranch property be partitioned in kind and appointing commissioners to determine how the property should be divided.[3] Tex. R. Civ. P. 761. The commissioners subsequently filed a report with the trial court, in which they provided a legal description of the property; specified the dividing lines for the property; and allotted two parcels, based on value, between the Three Brothers, jointly, and James Andy Fry. The Ranch Defendants then objected to the commissioners' report, *see id.* R. 771, and filed a plea to the jurisdiction, asserting that the trial court lacked subject-matter jurisdiction over the Three Brothers' partition claim. Conversely, the Three Brothers moved for a partial summary judgment, requesting a final partition of the property in conformance with the commissioners' report. On June 8, 2021, the trial court signed an order, overruling the Ranch Defendants' objections, denying their plea to the jurisdiction, and

---

[3] On September 27, 2019, the Ranch Defendants filed a notice of interlocutory appeal, challenging the partition order. Because the deadline for the Ranch Defendants to file an interlocutory appeal from that order was June 4, 2019, *see* Tex. R. App. P. 26.1(a), we concluded that the appeal was untimely and that, consequently, we lacked jurisdiction to consider the appeal. *See Fry Sons Ranch, Inc. v. Fry*, No. 03-19-00684-CV, 2020 Tex. App. LEXIS 8932, at *4-5 (Tex. App.—Austin Nov. 13, 2020, pet. denied) (mem. op.).

3

granting summary judgment in favor of the Three Brothers on their partition claim. Because the June 2021 order did not dispose of the Three Brothers' remaining claims, the trial court also granted permission for immediate appeal of the order, pursuant to Section 51.014(d) of the Texas Civil Practice and Remedies Code.

In their petition for permissive appeal, the Ranch Defendants argue that the trial court decided a controlling question of law about which there are substantial grounds for differing opinions when it denied their plea to the jurisdiction and adopted the commissioners' proposed division. Specifically, the Ranch Defendants argue that the Three Brothers, as shareholders in Fry Sons Ranch, Inc., lack standing to force a partition of the ranch property because only an owner or claimant of real property may compel a partition, *see* Tex. Prop. Code § 23.001, and because the record in this case establishes that the ranch property is owned by Fry Sons Ranch, Inc., and not by its individual shareholders, the four brothers. Consequently, in the view of the Ranch Defendants, both the September 2019 partition order and the June 2021 order are void due to lack of subject-matter jurisdiction.

Although framed as an issue of standing, the Ranch Defendants' argument is properly characterized as a challenge to the capacity of the Three Brothers to bring a suit for partition. *See Freeman v. Formosa Mgmt., LLC*, No. 01-15-00907-CV, 2016 Tex. App LEXIS 12365, at *14 (Tex. App.—Houston [1st Dist.] Nov. 17, 2016, pet. denied) (mem. op.) (concluding that whether petitioner has interest in property that he seeks to partition "is an element of his partition cause of action, but not a jurisdictional prerequisite"). That is, the issue of whether the Three Brothers own or have an interest in the ranch property goes to their right to maintain a partition suit and not to the jurisdiction of the trial court to decide the dispute. *See Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 775-76 (Tex. 2020) (explaining difference

4

between standing, which implicates subject-matter jurisdiction, and capacity, which does not; noting that plaintiff has standing when "it is personally aggrieved" and has capacity when it has "the legal authority to act" and "to recover for an alleged injury").

Moreover, the issue of the Three Brothers' ownership interest in the ranch was an element of their partition claim, *see* Tex. Prop. Code § 23.001, and was decided by the trial court in its September 2019 partition order.[4] *See Freeman*, 2016 Tex. App. LEXIS 12365, at *15 ("If a petitioner fails to prove that he had an interest in the property that he seeks to have partitioned, the trial court's judgment partitioning the property may be erroneous, but it does not deprive the trial court of jurisdiction."). To the extent the Ranch Defendants seek permission to challenge the June 2021 order on this ground, we conclude that it constitutes an impermissible collateral attack on the partition order. *See Pruncutz*, 2013 Tex. App. LEXIS 10362, at *8; *Snow,* 242 S.W.3d at 572; *Mitchell*, 20 S.W.3d at 162. Consequently, we cannot conclude that the issue of the Three Brothers' ownership interest in the ranch property constitutes a "controlling question of law" that the trial court decided when it adopted the commissioners' proposed partition in its June 2021 order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d).

Having carefully reviewed the petition, we conclude that the Ranch Defendants did not establish the statutory requirements for a permissive appeal. *See id*. § 51.014(d), (f). Accordingly, we deny the petition for permissive appeal.

---

[4] Section 23.001 of the Property Code states, "A joint owner or claimant of real property or an interest in real property . . . may compel a partition of the interest or the property among the joint owners or claimants under this chapter and the Texas Rules of Civil Procedure." Tex. Prop. Code § 23.001.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Petition for Permissive Appeal Denied

Filed:   August 20, 2021