# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00310-CV

---

**Angela Faye Seals, Appellant**

**v.**

**Virgil Lee Seals, III, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-11-001977, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Angela Faye Seals, appearing pro se, attempts to appeal from three orders of the trial court rendered in connection with the petition of her ex-husband, Virgil Lee Seals, III, to partition the parties' former marital residence (the Property).[1]  Angela challenges the following orders: (1) the December 16, 2021 Agreed Order on Petition for Partition by Sale (Agreed Order), (2) the March 3, 2022 Order of Enforcement by Contempt (Contempt Order), and (3) the May 4, 2022 Order on Motion for Court to Order Sale of Property (Sale Order).  For the following reasons, we dismiss the portion of Angela's appeal pertaining to the Agreed Order; deny the portion of her appeal that we construe as a petition for writ of mandamus challenging the Contempt Order; and affirm the portion of the appeal pertaining to the Sale Order.

---

[1] Because the parties have the same surname, for convenience and clarity we refer to them by their first names.

## BACKGROUND

The parties were divorced by final decree in 2012. Angela was awarded an undivided 60% interest in the Property and Virgil was awarded an undivided 40% interest. Per the decree, Angela was allowed to continue residing in the Property, with Virgil ordered to pay the monthly mortgage and utilities payments as spousal maintenance until the earliest of June 1, 2020; the death of either party; Angela's remarriage; or further orders of the court affecting the spousal-maintenance obligation.

In July 2021, Virgil filed an original petition for partition by sale of the Property, asserting that he had asked Angela to agree to sell the home and divide the proceeds as provided in the decree but that she had not agreed. Angela was still residing in the Property and Virgil was residing in California. Virgil requested that the court order Angela to move out of the Property in preparation of its sale and that the court appoint a receiver or commissioners to carry out the partition. He also requested reimbursement of the mortgage and related expenses he had paid for the property since July 2020.

Virgil's petition was set for a final hearing on October 27, 2021. At the hearing and during initial arguments, the following issues arose: whether Angela would be afforded an opportunity to purchase the property, the extent to which Virgil was entitled to reimbursement for some or all of the mortgage payments since July 2020 and for his attorney's fees, and when or whether Angela should be required to vacate the home prior to its listing for sale. The court briefly recessed the hearing to allow the parties an opportunity to settle these matters. After the recess, Virgil's attorney informed the court that the parties had reached the following agreement (Rule 11 Agreement), which he recited on the record in open court:

> [B]eginning on November 1st of 2021 [Angela] will make the full mortgage payment for the home that's the subject of this suit, each month moving forward until an agreement is reached between the parties that where she buys my client out or the house is sold. The parties will agree to list the home on December 1st, 2021, with a realtor that is either agreed upon or that the Court chooses.
>
> Now, [Angela's attorney] and I have agreed that we will work to try and get an agreement by November 5th. If we are unable to [agree] we will each submit two realtors to [the court] and let [the court] choose one so that they can get started a month before the listing should go.
>
> . . .
>
> The house will be listed with a realtor on the first of December. They will choose one by November 5th and [Angela] will make the mortgage payments beginning November 1st moving forward.

*See* Tex. R. Civ. P. 11 (allowing parties to make agreements "touching any suit pending" made in open court and entered of record). The court asked Angela's attorney whether such recitation of the Rule 11 Agreement was correct and complete, to which Angela's attorney replied in the affirmative. The court then swore in both parties to confirm whether the Rule 11 Agreement represented their agreement and whether they were seeking rendition thereon; each party testified in the affirmative. The court tasked Virgil's attorney with drafting an order memorializing the parties' agreement, sending it to Angela's attorney for approval, and setting the matter for a hearing to enter the agreed order.

The appellate record does not contain a reporter's record of the hearing set for December 16, 2021, on Virgil's Motion to Enter Agreed Order on Petition for Partition by Sale, but the court's docket sheet and signed order reflect that such hearing did occur, and the trial court signed the Agreed Order on that date. The day before the hearing, Angela's attorneys filed a motion to withdraw from representing her for "good cause" in that Angela "no longer wishe[d] to retain" them because, according to Angela, her attorneys were "failing to or unable to act in

3

her best interest." The court did not grant the motion to withdraw until December 20, 2021, and thus Angela's attorneys continued to represent her at the hearing to enter the Agreed Order.

On January 18, 2022, Angela—now appearing pro se—filed a motion for new trial arguing, among other things, that (a) she has a meritorious defense to the Agreed Order because no evidence was heard at the October hearing, (b) Virgil's attorney made a "confusing and conflicting opening statement of hearsay, [with] misleading and incomplete statements without any burden of proof, no testimony, cross-examination, or documentation," (c) she had "no idea that this was an alleged agreed hearing and her, now, discharged counsel neglected her duties of proper communication and representation," and (d) the trial court's Agreed Order, as drafted by Virgil's attorney, contained a "reckless tag on" requiring the parties to "follow the recommendations of the Realtor" when such additional language is "contrary to law" and unsupported by the evidence. The trial court denied Angela's motion for new trial, finding that the motion "should be DENIED as untimely." The court also denied Angela's subsequent motion for reconsideration and amended motions for reconsideration and new trial.

Meanwhile, in mid-January 2022, Virgil filed a Petition for Enforcement of Property Division by Contempt, in which he alleged that Angela had not complied with the Agreed Order by failing to "list the home for sale no later than December 1, 2021 [and] by refusing to follow the recommendations of the Realtor." Angela was ordered to appear for an early March 2022 hearing on Virgil's contempt petition, after which the trial court signed its Contempt Order ordering Angela to, among other things, vacate the home by a specified date; sign the listing agreement with the appointed realtor; and follow all recommendations of the realtor. The trial court denied Angela's subsequent motion for new trial challenging the Contempt Order.

4

In mid-April 2022, Virgil filed a Motion for Court to Order Sale of Property alleging, among other things, that the parties had received a cash offer for the property in an amount exceeding the listing price, that Angela had not fully vacated the property, and that Angela was refusing to sign a contract accepting the offer (which offer Virgil attached to his motion as an exhibit). The motion was set for hearing, after which the trial court signed its Sale Order. The trial court denied Angela's timely motion for new trial contesting the Sale Order, and Angela filed a notice of appeal challenging only the Contempt Order. However, in her appellate brief, which she styles as "Original Proceeding," Angela states that this is an appeal of three orders: the Contempt Order, the Agreed Order, and the Sale Order.

## DISCUSSION

In her first issue,[2] Angela contends that the trial court abused its discretion by materially modifying the Rule 11 Agreement and entering such modification as the Agreed Order. She contends that the Agreed Order is void because it contains additional terms requiring her to "follow the recommendations of the Realtor," to which she did not consent and which were not expressly contained in the Rule 11 Agreement dictated into the record by Virgil's attorney. She additionally contends that the Agreed Order violates the statute of frauds.

It is true that two fundamental tenets of the law of agreed judgments are that (1) a court "cannot render a valid agreed judgment absent consent at the time it is rendered," *see Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex. 1995), and (2) an agreed judgment must be "in strict or literal compliance" with the terms of a Rule 11 agreement recited into the record, *see Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006). However, it is also established under

---

[2] We have consolidated and condensed Angela's issues into three main complaints for clarity.

5

Texas law that partition proceedings fall within the unusual category of proceedings that have more than one final judgment, with partition cases involving at least two final, appealable orders. *See Estate Land Co. v. Wiese*, 546 S.W.3d 322, 325 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Long v. Spencer*, 137 S.W.3d 923, 925–26 (Tex. App.—Dallas 2004, no pet.); *Thomas v. McNair*, 882 S.W.2d 870, 876 (Tex. App.—Corpus Christi–Edinburg 1994, no writ). When an order within one of these types of cases becomes final because it disposes of all issues in a discrete phase of the proceeding, the order must be appealed immediately under the usual time periods governing appeals; issues determined by the order cannot be attacked collaterally after entry of a later order or judgment. *See Weise*, 546 S.W.3d at 325–26; *Long*, 137 S.W.3d at 925–26; *see also* Tex. R. App. P. 26.1 (prescribing deadlines for notice of appeal).

In partition proceedings, two final, appealable judgments are typically rendered: (1) the first determines whether the property is capable of partition and whether a sale is ordered and may also determine the share or interest of each of the joint owners, decide all questions of law or equity affecting title, and appoint commissioners or the like with appropriate and necessary directions; (2) the second approves the proposed sale, orders the sale, and allocates to the parties their respective tracts or share of proceeds. *See Thomas*, 882 S.W.2d at 876–77; *see also* Tex. R. Civ. P. 770 (directing trial court to order sale of real property that is not capable of fair and equitable division and for proceeds to be returned to court for partition among persons entitled thereto). The rights and matters determined in the first order are final and the order is appealable as a final judgment. *See Long*, 137 S.W.3d at 925–26 ("[A] trial court order directing that property be partitioned is an appealable order[,]" and "[i]ssues determined by the partition order must be challenged following its entry; they cannot be attacked collaterally after the entry of a later order or judgment."); *Thomas*, 882 S.W.2d at 877. Similarly, an order approving the

6

terms of the proposed sale of real property must be appealed after its entry and before the property is sold. *Long*, 137 S.W.3d at 926. Upon appeal from the second judgment in a partition suit, matters determined by the first decree cannot be reviewed. *Thomas*, 882 S.W.2d at 877; *see also Hoover v. Materi*, 515 S.W.2d 406, 408 (Tex. App.—El Paso 1974, writ ref'd n.r.e.) (holding that appellants waived review of determinations made under first order by having waited to appeal from second judgment after sale of property).

Angela did not timely perfect an appeal from the trial court's Agreed Order. We therefore do not have jurisdiction to address her complaints regarding that order and accordingly dismiss the portions of the appeal relating to the Agreed Order. *See Long*, 137 S.W.3d at 927 (dismissing portions of appeal relating to appellant's issues asserting matters in partition proceeding, including challenge to agreed order that subject property be sold, that "clearly were resolved by the earlier appealable orders, which appellant did not timely appeal").

In her second issue, Angela contends that the trial court erred in rendering its Contempt Order finding that she had violated the Agreed Order because (1) the Agreed Order is void in the ways alleged above, and (2) Virgil was required to but did not prove the elements of a breach-of-contract claim entitling him to a finding that she had violated the Agreed Order. We first note that contempt orders are not reviewable by direct appeal, and we therefore lack subject-matter jurisdiction over that portion of her appeal. *Heads v. McDade*, No. 03-19-00084-CV, 2019 WL 2041765, at *1 (Tex. App.—Austin May 9, 2019, no pet.) (mem. op.); *see In re Roisman*, 651 S.W.3d 419, 433–34 (Tex. App.—Houston [1st Dist.] 2022, orig. proceeding) (noting that contempt order is not reviewable by appeal even when it is appealed along with judgment that is appealable). However, we will construe the portion of Angela's brief challenging the Contempt Order as a petition for writ of mandamus due to the style of her brief

7

("Original Proceeding"), her brief's reference to the trial judge who rendered the order as "Respondent," and in the interest of judicial economy. *See Haffelfinger v. Adams*, No. 03-12-00512-CV, 2013 WL 6178570, at *1 (Tex. App.—Austin Nov. 21, 2013, orig. proceeding) (mem. op.) (acknowledging that Court lacked jurisdiction to consider "what is in substance an order refusing to hold a party in contempt" but nonetheless construing appellant's briefing as attempt to invoke Court's original jurisdiction via mandamus) (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011) (noting that if appellant timely files document in "bona fide attempt to invoke appellate court's jurisdiction" and requests mandamus relief in substance but not form, court of appeals may treat appellant's filing as petition for mandamus under appropriate circumstances)); *see also Caldwell v. Garfutt*, No. 03-12-00696-CV, 2014 WL 1576871, at *1 (Tex. App.—Austin Apr. 17, 2014, no pet.) (supplemental op. on reh'g) (granting motion for rehearing asking Court to construe two of appellant's issues as attempt to invoke original jurisdiction of Court by way of mandamus, addressing merits of those issues, and denying relief); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.) (noting that although appellant's issues attacked contempt order, which is not reviewable on direct appeal, appellate court was "compelled" to address validity of contempt order "considering the unique facts of this case and given that the case has been briefed, argued, and contains both the clerk's and reporter's records").

To be entitled to mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Angela's first argument supporting her challenge to the Contempt Order relies on her assertion that the Agreed Order is void, but as explained above, she did not timely perfect an appeal from that order.

8

Because Angela could have timely appealed the Agreed Order, she had an adequate remedy by appeal and thus is not entitled to mandamus relief on the basis of her first argument.

Angela's second argument supporting her challenge to the Contempt Order—that Virgil was required to plead and prove a cause of action for breach of the Agreed Order but did not—also does not entitle her to relief. An agreed judgment, while it may be independently enforced as a contract between the parties, constitutes a judgment of the court, the same as other judgments and enforceable as any other judgment. *See Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex. 1979). Thus, in actions to enforce agreed judgments, parties may not raise contractual defenses because such defenses constitute impermissible collateral attacks on the prior judgments. *Id.* Similarly, agreed judgments are enforceable by the trial court's exercise of its contempt power. *Id.* Thus, Angela's argument about whether Virgil needed to plead and prove that she breached the Agreed Order is inapposite, and the trial court did not abuse its discretion. *In re Prudential*, 148 S.W.3d at 135–36. We accordingly overrule Angela's second issue and deny her requested mandamus relief.

In her third issue, Angela argues that the Sale Order constitutes a "fraud on the court" and is void for lack of jurisdiction and violations of due process. As best we can comprehend her arguments on this issue, Angela first takes issue with the fact that the trial court rendered a "Corrected" Sale Order clarifying that she had not appeared at the hearing on Virgil's motion for the court to order the sale of the Property (the original Sale Order had stated that she appeared) and identifying the correct court reporter (the original Sale Order misidentified the reporter). She contends that these order corrections amounted to fraud and that the trial court was not authorized to render the Sale Order because Angela's motion for new trial contesting the Contempt Order was at the time still pending before the court. However, Angela neither cites

9

any authority nor makes cogent arguments supporting her assertion that these actions constitute error, and she does not demonstrate how she was harmed, even assuming that any of them were error. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"), 44.1 (harmless-error rule).

Angela also complains in her brief that she was deprived of due process because she was not "properly served with notice" of the hearing on Virgil's motion for the court to order the sale of the Property because Virgil's attorney "did not sign his certificate of service, []or serve [Angela] via efile" even though he "had efiled" her previously and her "email was on file."[3] *See* Tex. R. Civ. P. 21a(a)(1) (providing that documents filed electronically under Rule 21 must be served electronically through electronic filing manager if email address of party to be served is on file with electronic filing manager); *see also LBL Oil Co. v. International Power Serv., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (noting that constitutional right to due process entitles defendant who has made appearance in cause to notice of trial setting). However, immediately after making such representation in her brief, Angela admits that she received the email but simply saw it too late: "Appellant did not see the email until after the hearing was over." Such affirmative statement constitutes a judicial admission of the fact that she was served with, and did receive, Virgil's motion and notice of the hearing. *See In re V.V.C.*, No. 04-07-00166-CV, 2008 WL 1805479, at \*1 (Tex. App.—San Antonio Apr. 23, 2008, no pet.) (mem. op.) (stating that appellate courts may accept statements made in party's brief as true,

---

[3] The portion of Virgil's motion entitled "Certificate of Service" contains a signature line for his attorney that was left blank but was immediately followed—on the same page—by a section entitled "Notice of Hearing" specifying the date, time, and manner (via Zoom) of the hearing set for the motion, which section was followed by a signature line containing the signature of Virgil's attorney.

10

constituting judicial admissions); *see also* Tex. R. Civ. P. 21a(b)(3) ("Electronic service is complete on transmission of the document to the serving party's electronic service provider."); *Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 106 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (stating that certificate of service creates presumption that, in absence of any proof to contrary, has force of law that party was properly served and received document).

Moreover, although Angela filed a timely motion for new trial, supported by an unsworn declaration, *see* Tex. Civ. Prac. & Rem. Code § 132.001 (providing for use of unsworn declarations), in which she averred that she had not been "properly served and was not aware of the hearing," she did not support these mere conclusory statements with any specific facts creating a fact issue on whether her failure to appear at the hearing was indeed the result of improper service or whether she, instead, was required to prove the *Craddock* factors to explain her failure to appear and her entitlement to a new trial. *See Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, (Tex. App.—San Antonio 2002, pet. denied) (reciting *Craddock* factors and noting that defaulting party must establish all three factors, including that it has meritorious defense, unless it establishes that it was not properly served with notice of setting); *see also Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82–83 (Tex. 1992) (holding that affidavit supporting motion for new trial containing nothing more than conclusory allegations, without supporting facts, did not meet first *Craddock* element). This failure is highlighted by the controverting evidence in the form of Angela's judicial admission in her appellate brief that she received the emailed motion but did not see it until after the hearing, and her motion for new trial did not explain her failure to see the email until too late. *See Stettner*, 611 S.W.3d at 108 (holding that motion for new trial that did not assert or support with evidence any *Craddock*

factors did not preserve issue for appeal).  We overrule Angela's third issue challenging the Sale Order.

## CONCLUSION

Having concluded that we do not have jurisdiction over Angela's first issue and having overruled her second and third issues, we dismiss her attempted appeal from the trial court's December 16, 2021 order, deny her petition for writ of mandamus challenging the trial court's March 3, 2022 order, and affirm the trial court's May 4, 2022 order.

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Affirmed in Part, Dismissed in Part, and Petition for Writ of Mandamus Denied

Filed:   October 4, 2023