# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00285-CV

**Earnest Taylor, Appellant**

**v.**

**Vernice Hill and Consolidated Rural Properties, Ltd., Appellees**

**FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
NO. 12,334, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING**

## O P I N I O N

This appeal arises from a post-judgment proceeding in which Earnest Taylor sought to attack the district court's subject-matter jurisdiction to render a prior judgment. Previously, Taylor had unsuccessfully appealed the prior judgment to this Court.[1] Taylor urges that we "reverse the order denying [his] challenge to the trial court's subject-matter jurisdiction, reverse the final judgment of the trial court and dismiss the Appellees' causes of action without prejudice and vacate this Court's opinion [in his earlier appeal] for lack of subject-matter jurisdiction." We affirm the district court's order.

The Court's memorandum opinion in the prior appeal presents most of the relevant underlying facts. To summarize, Taylor and Vernice Hill were among 31 heirs of Louis Taylor.

---

[1] *Taylor v. Hill*, No. 03-03-00540-CV, 2004 Tex. App. LEXIS 5747 (Tex. App.—Austin July 1, 2004, no pet.) (mem. op.).

In 2003, Hill and 27 other heirs filed a petition in district court alleging that they, Earnest Taylor, and two other heirs owned undivided interests in a 100-acre tract in Lee County that had previously been owned by Louis Taylor; seeking a determination of each heir's respective interest; and asking the district court to decide whether the property could be partitioned. Hill and aligned heirs claimed that Louis Taylor had conveyed the tract to the 31 heirs through a warranty deed. The deed bore the signature of a Clifford Marine. In the Court's prior opinion, it observed that Earnest Taylor had not filed a verified plea challenging Marine's authority to execute the deed on Louis Taylor's behalf [2]; and that "Taylor did not object to the deed, raise any issues related to Marine's authority to sign the deed on Louis's behalf, or voice any other concerns regarding the deed's validity in the trial court."[3] On June 6, 2003, the district court rendered judgment that the 31 heirs were the sole owners of the property deed, stating the share that each owned (ranging from 1/13th to 1/728th, consistent with the deed), and that the property could not be partitioned but should be sold by a receiver and the proceeds divided among the heirs according to their respective shares. Taylor appealed this judgment, attacking, for the first time on appeal, the validity of the deed as it bore upon the evidentiary support for the district court's finding that the 31 heirs were the sole owners of the property. Taylor argued that the warranty deed was void because Louis Taylor had not signed it. Holding that Earnest Taylor had waived this argument and that the parties would have acquired title through adverse possession anyway, the Court affirmed the judgment.[4]

---

[2] *See id.* at *5 (quoting Tex. Prop. Code Ann. § 5.021 (West 2004), Tex. R. Civ. P. 93(7) and *Mondragon v. Mondragon*, 257 S.W. 215, 216 (Tex. 1923)).

[3] *See id.*

[4] *See id.*

The district court had appointed a receiver, Margaret Ann Bexley, to sell the tract. In February 2005, the court issued an order accepting a proposed earnest money contract that Ms. Bexley had negotiated with Creekside Rural Investments, Inc., and ordering her to sell the property in accordance with the contract. Creekside subsequently assigned its interest in the earnest money contract to Consolidated Rural Properties, Ltd. The district court denied a motion by Taylor to set aside the sale and, on July 21, 2005, over Taylor's objections, signed a decree approving and confirming the sale. The decree further directed the receiver to distribute the net proceeds of the sale to the heirs in shares consistent with the percentage interests specified in the earlier judgment. Taylor filed a motion for new trial, which the district court denied, and then appealed from the district court's decree. After granting Taylor repeated extensions of time to file his brief, this Court ultimately dismissed this appeal for want of prosecution in October 2006.[5]

On September 6, 2006, while his appeal from the decree confirming the receiver sale was still pending, Taylor filed, in the same underlying cause, a "Motion to Declare Judgment Void Due to Lack of Subject-Matter Jurisdiction." Taylor requested the district court to "vacate its Final Judgment entered on June 6, 2003, and dismiss the Plaintiffs' cause of action for lack of subject-matter jurisdiction."[6] In support, Taylor again attacked the validity of the warranty deed on the basis that Louis Taylor had not signed it—the same issue addressed in this Court's prior opinion—but now recasting his argument as going to the district court's subject-matter jurisdiction to render its original

---

[5] *Taylor v. Hill*, No. 03-05-00683-CV (Tex. App.—Austin Oct. 6, 2006) (mem. op.), *available at* http://www.3rdcoa.courts.state.tx.us/opinions/HTMLopinion.asp?OpinionID=15294.

[6] Taylor purported to invoke the Uniform Declaratory Judgments Act, and sought reasonable attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.001-.011 (West 1997 & Supp. 2007).

3

judgment. Specifically, Taylor contended that (1) because Louis Taylor had not signed the warranty deed; (2) the deed was void and had not passed title to the heirs, so that; (3) the Hill-aligned heirs had lacked standing to file their partition action in district court; (4) the district court had thus lacked subject-matter jurisdiction to determine the heirs' respective interests; and (5) an inquiry that was instead within the exclusive jurisdiction of the County Court of Lee County to determine through an heirship proceeding. Hence, Taylor reasons, the 2003 judgment is void.

Following a hearing at which only argument was presented, the district court denied Taylor's motion without stating its grounds. It further ordered the clerk of the Court "to immediately disburse the funds held in the registry of the Court in accordance with the Decree Confirming Sale By Receiver of Property dated July 22, 2005."[7] Taylor appeals from this order, bringing forward the same arguments he made below. Hill urges that Taylor's attack on the 2003 judgment is barred by res judicata and collateral estoppel. Also, observing that the tract has already been sold and urging that the net proceeds have now been distributed to the heirs, (including Taylor), Hill urges that the underlying controversy is moot.

The receiver, Ms. Bexley, and current owner of the property, Consolidated, each filed amicus curiae briefs in support of the district court's ruling. *See* Tex. R. App. P. 11. In response, Taylor filed motions to strike both amicus briefs. Subsequently, out of apparent concern that we might grant Taylor relief and that it would have no means of protecting its ownership interest in the

___

[7] At the hearing, counsel for the receiver stated that the sale proceeds had not yet been distributed.

property, Consolidated filed a motion to intervene in this appeal and a motion for emergency stay pending our ruling on its motion to intervene.

Hill has raised serious concerns that the underlying controversy may be moot as concerning him because the property has been sold to Consolidated. Our analysis of that question is somewhat complicated by the vagueness of Taylor's assertions regarding the nature of the relief he is seeking and the state of the record.[8] It is unclear whether a live controversy exists between Taylor and Hill, Taylor and Consolidated, both, or neither. In light of this uncertainty, we will proceed to address Consolidated's motion to intervene in this appeal.

The supreme court has held that permitting appellate-level intervention is appropriate where "the movant meets the requirements necessary to assert the virtual-representation doctrine, and if equitable considerations do not weigh against allowing the movant to participate on appeal." *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 722 (Tex. 2006). The doctrine of virtual representation provides that a litigant is deemed to be a party if it will be bound by the judgment, its privity of estate, title, or interest appears from the record, and there is an identity of interest between the litigant and a named party to the judgment. *Motor Vehicle Bd. of Tex. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex. 1999). "Because one who is virtually represented is already deemed to be a party, theoretically it 'is not required to intervene in order to appeal.'" *In re Lumbermens*, 184 S.W.3d at 722 (quoting *City of San Benito v. Rio Grande*

---

[8] E.g., Taylor seems to deny that he is attacking Consolidated's title to the tract, asserting that Consolidated "is not bound by the order and/or final judgment that are the subject of this appeal [because] the Decree Confirming Sale By Receiver of Property has not been appealed and is not a portion of this appellate proceeding."

*Valley Gas Co.*, 109 S.W.3d 750, 752 (Tex. 2003)). "However, as a practical matter, one who seeks to invoke the virtual-representation doctrine in order to assert an interest on appeal must take some timely, appropriate action to attain named-party status." *Id*. The supreme court considers a motion to intervene on appeal to be an "appropriate vehicle to obtain named-party status." *Id*.

We conclude that Consolidated satisfies each of the virtual-representation requirements. First, Consolidated will be bound by our judgment. It is undisputed that Consolidated is now the record owner of the 100-acre tract. Our judgment will directly impact its chain of title to the property. Second, Consolidated's privity of estate, title, or interest appears in the record. Third, there is an identity of interest between Consolidated and Hill, each of whom are defending the validity of the district court's judgment requiring the partition sale. *Cf. id*. at 724 (finding identity of interest because both parties' "ultimate aim" was to reverse the underlying judgment in order to "protect[] the funds that the underlying judgment put at risk").

We also hold that equitable considerations do not weigh against allowing Consolidated to participate as a named party on appeal. *See id.* at 729 ("[W]hether a would-be intervenor is entitled to appeal under the virtual-representation doctrine is an equitable determination that must be decided on a case-by-case basis."). "[T]he mere fact that the party does not attempt to invoke [appellate] rights until after judgment, when the need to invoke them arose, is not dispositive." *Id.* at 726. Instead, the court considers other factors that may weigh against allowing intervention after final judgment has been rendered, including "(1) the length of time during which the would-be intervenor should have known of its interest in the case before attempting to intervene; (2) the extent of prejudice that the existing parties may suffer as a result of the would-be intervenor's

6

failure to apply for intervention as soon as it actually knew or should have known of its interest in the case; (3) the extent of prejudice the would-be intervenor would suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely." *Id*.

There is clearly a risk of great prejudice to Consolidated if the district court's judgment is overturned on appeal. As Consolidated explains:

> If the District Court's Judgment and Order are overturned on appeal, Consolidated's potential loss of title to the property, its inability to recoup the quarter of a million dollars paid for the property (because the money has already been distributed to the property's original thirty-one co-owners), its potential loss of the benefit of the bargain by purchasing the property, together with Consolidated's actual present loss of use and enjoyment of the property (because the title is clouded by this appeal) and loss of use of the purchase money, vest Consolidated with an interest protected under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the due-course-of law provision of the Texas Constitution.

And, although Hill's arguments are somewhat aligned with Consolidated's, Consolidated urges that Hill's brief omits arguments that are "potentially dispositive of this appeal."[9] We observe again that Hill has raised serious questions as to whether a live justiciable controversy still exists between him and Taylor. Regardless of its merits, Hill's mootness argument bespeaks a perceived lesser stake in the litigation than Consolidated may hold. These considerations weigh heavily in favor of allowing Consolidated to intervene, and they outweigh any other factors

---

[9] Additionally, Consolidated "now recognizes a procedural benefit to positioning itself as a named party in this appeal to ensure its ability to also participate in any future proceeding in the Texas Supreme Court concerning this appeal."

militating against intervention.[10]  We accordingly grant Consolidated's motion to intervene as a named party in this appeal.[11]

Turning to Taylor's attack on the district court's order, we observe that he ultimately challenges the district court's subject-matter jurisdiction to render its June 6, 2003 judgment that the 31 heirs were the sole owners of the property deed and ordering the property sold and proceeds distributed according to the heirs' respective ownership shares under the warranty deed.  Though that judgment represented only one phase of the multi-step process involved in a partition case, it was final and appealable.  *See Long v. Spencer*, 137 S.W.3d 923, 925-26 (Tex. App.—Dallas 2004, no pet.).  As with other final, appealable orders, Taylor was required to bring any challenges to the issues determined by that judgment in accordance with the rules of appellate procedure governing direct appeals—and he did so, unsuccessfully.  *See id.* ("Issues determined by the partition order must be challenged following its entry; they cannot be attacked collaterally after the entry of a later order or judgment.").  The same rule applies for an order approving the terms of a proposed sale of real property in a partition suit:  "the terms of that order must be appealed—if at all—after its entry, before the property is sold."  *Id.*  "The reasoning behind the rule is clear:  in the partition process, decisions must be made upon which other decisions will be based.  An appeal at each stage provides

---

[10] Consolidated filed its motion on November 7, 2007, almost seven months after the district court's final judgment was rendered on April 3, 2007, and almost six months after Taylor filed his notice of appeal on May 4, 2007.  However, an unusual circumstance in this case is that Consolidated first attempted to defend its interests through an amicus curiae brief, which we received on October 4, 2007.  Furthermore, Taylor has not demonstrated, under the circumstances of this case, any prejudice related to the timing of Consolidated's intervention.  *In re Lumbermens*, 184 S.W.3d 718, 727 (Tex. 2006) (explaining this factor is concerned only with prejudice caused by the delay in filing the motion to intervene, not the prejudice which may result if intervention is allowed).

[11] The style of the case is modified to reflect the addition of Consolidated as a named party to this appeal.

practical way to review controlling, intermediate decisions before the consequences of any error do irreparable injury." *Id.* at 926.

Here, Taylor attempts to attack the district court's June 2003 judgment over 3 years after the court rendered it and roughly 2 years after this Court issued its mandate to enforce its judgment affirming the district court. In an attempt to avoid the obvious res judicata bar from those proceedings, Taylor characterizes his latest challenge to the warranty deed as going to the district court's subject-matter jurisdiction. We first observe that Taylor filed his "Motion to Declare Judgment Void Due to Lack of Subject-Matter Jurisdiction" in the same underlying proceeding, and it amounts to an untimely motion to set aside the June 2003 judgment. *See* Tex. R. Civ. P. 329(b). The district court could have denied relief for this reason alone. In any event, Taylor's "jurisdictional" challenge must fail because the district court had subject-matter jurisdiction over Hill's suit for partition based on the deed, *see* Tex. Prop. Code Ann. § 23.001-.002 (West 2000), and this Court has already rejected Taylor's core premise that the district court erred in holding the warranty deed to be valid. Accordingly, we affirm the district court's order. We dismiss as moot Taylor's motion to strike the amicus briefs of Consolidated and Bexley and Consolidated's motion for an emergency stay.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: February 15, 2008