John Donovan, Justice
After signing an amended final judgment and ordering the partition by sale of the real property at issue, the trial court signed two additional orders which are the subject of this appeal by appellants Estate Land Company, Aaron Wiese, and Kamal Banani (Bannan). We dismiss this appeal as moot.
I. Background
In 1999, Aaron Wiese ("Aaron") and his brother, Anthony ("Tony") Wiese, jointly purchased three properties in Houston, Texas: 812 Main Street; 110-114 Main Street; and I-10 McKee-Chapman ("McKee-Chapman"). In 2001, along with Kamal Bannan, they purchased a fourth property, 3302 Polk Street. The parties secured financing, and the record reflects that both Aaron and Tony were equally responsible for the entire amounts of the loans. After disagreements between the brothers arose, Tony sued appellants in 2009, seeking partition of the properties and reimbursement for contributions he had made to the properties. He also sought injunctive relief regarding a lease on the property at 812 Main Street ("Pearl Lease").
In February 2013, the case proceeded to a bench trial. Thereafter, in May 2013, the trial court signed a first amended final judgment and order of sale. Because the trial court found the properties were incapable of partition in kind, the trial court appointed a receiver, Donald Worley, and ordered partition by sale of the properties pursuant to Rule 770 of the Texas Rules of Civil Procedure.[1]
*324 Aaron did not agree with the judgment of the trial court partitioning two of the properties (812 Main and 110-114 Main) and appealed the final judgment. This Court affirmed the final judgment and issued a Memorandum Opinion dated March 10, 2015. The Texas Supreme Court denied review in July 2016.
In connection with the sale of one property,[2] 110-114 Main, the trial court issued two post-judgment orders: On December 18 and 23, 2015, respectively, over appellants' objections, the trial court signed a First Amended Decree Confirming Sale of 110-114 Main Street ("Decree Confirming Sale") and an Order Granting Motion to Turnover Net Sales Proceeds of 110-114 Main to Donald Worley, Receiver ("Turnover Order"). This appeal concerns only these two post-judgment orders.[3]
Decree Confirming Sale
After the judgment was final, the court-appointed receiver, Worley, began marketing the properties for sale. In August 2015, Worley obtained two earnest money contracts for the sale of the 110-114 Main property and presented to the trial court a contract from Zimmerman Interests, Inc. On August 31, 2015, the trial court approved the contract from Zimmerman Interests, Inc., and authorized Worley to "take all reasonable step[s] to finalize the sale of the 110-114 Main property...."
In December 2015, Worley finalized the terms of the sale to Zimmerman Interests, Inc., and filed a report of sale with the trial court. On December 18, 2015, the trial court signed the First Amended Decree Confirming Sale of 110-114 Main Street, ordering the fees for the receiver and broker be calculated from the reduced sales price, approving and confirming the sale to Zimmerman Interests, Inc., and ordering that "the net sales proceeds, after payments of all fees of indebtedness, including payment to extinguish all valid mortgages, liens, other valid encumbrances, and reasonable and necessary receiver, legal and brokerage fees, if any, shall be distributed" among Tony, Aaron, and Kamal.
Turnover Order
To close the sale and insure title to 110-114 Main, Stewart Title requested a court order directing it to release the net sales proceeds from the sale to the receiver, Worley, who then would make the distributions in accordance with the final judgment. On December 23, 2015, the trial court issued the Turnover Order, wherein it ordered Stewart Title to turn over the net sales proceeds of 110-114 Main to Worley. The trial court further ordered Worley to deposit the net sales proceeds in an interest on lawyers trust account and then make the distributions in accordance with the trial court's final judgment. The sale of the property proceeded. It is undisputed that 110-114 Main was sold on December 30, 2015. Appellants filed this appeal on January 18, 2016.[4]
*325 II. Issues on Appeal
On appeal, appellants' complain in several issues about two of the trial court's post-judgment orders related to the property at 110-114 Main Street: the trial court's First Amended Decree Confirming Sale of 110-114 Main Street and the trial court's Turnover Order. Appellants essentially argue that the trial court's judgment, which included language ordering net proceeds from the sale to be paid to the parties after payment of certain matters, including payment of all "indebtedness" as well as "mortgages, liens, [and] other valid encumbrances," did not allow as part of the sale transaction for Worley and/or Stewart Title to distribute funds to a bank in order to pay Aaron's promissory note obligation in full. Appellants argue that there are no specific findings in the amended final judgment determining or addressing encumbrances on the property. Thus, appellants maintain the post-judgment orders materially and substantially modified the final judgment, depriving the court of jurisdiction. Appellants argue the post-judgment orders are an "impermissible attempt to enforce the final judgment," and appellants request that this court reverse or set aside the post-judgment orders, and remand the matter to the trial court.
Appellee contends that appellants' issues appeal are moot because appeal was not made before the property was sold. Thus, appellee urges this court to dismiss the appeal. Alternatively, appellee argues that the trial court did not commit reversible error by issuing the post-judgment orders.
III. Analysis
As a threshold matter we address whether we have jurisdiction to review the trial court's receiver-related orders or whether appellants' issues are moot.
Unlike other proceedings, a partition case has two final judgments and both are appealable as a final judgment. Griffin v. Wolfe , 610 S.W.2d 466 (Tex. 1981). "This is because a partition proceeding is-at least-a two-step process." Long v. Spencer , 137 S.W.3d 923, 925 (Tex. App.-Dallas 2004, no pet.) (citing Carr v. Langford , 144 S.W.2d 612, 613 (Tex. Civ. App.-Dallas 1940), aff'd 138 Tex. 330, 159 S.W.2d 107, 108 (1942) ); see also Tex. R. Civ. P. 760 (court shall determine share or interest of each claimant and all questions affecting title to property); Tex. R. Civ. P. 761 (court shall determine whether property is subject to partition in kind); Tex. R. Civ. P. 770 (if property not subject to equitable division, court shall order sale or property and partition proceeds). Thus, issues determined by the partition order must be challenged following issuance of the partition order; they cannot be attacked collaterally after the court issues a later order or judgment. Long , 137 S.W.3d at 925-26 (citing Estate of Mitchell , 20 S.W.3d 160, 162 (Tex. App.-Texarkana 2000, no pet.) ); see *326 Ellis v. First City Nat'l Bank , 864 S.W.2d 555, 557 (Tex. App.-Tyler 1993, no writ) (providing that matters decided in the first order cannot be reviewed in an appeal from the second order). The same rule applies for an order approving the terms of a proposed sale of real property in a partition suit: the terms of that order must be appealed-if at all-after its issuance, before the property is sold. Long , 137 S.W.3d 923, 926 (Tex. App.-Dallas 2004, no pet.)"The reasoning behind the rule is clear: in the partition process, decisions must be made upon which other decisions will be based. An appeal at each stage provides a practical way to review controlling, intermediate decisions before the consequences of any error do irreparable injury." Id. at 926.
In the second step of a partition suit, the court issues an order either approving the receiver's report and giving the parties their share or rejecting the report and appointing other commissioners to partition the land. Ellis , 864 S.W.2d at 557. If the court approves the sale, this second order is a separate and distinct, yet final judgment. See ids="10010436" index="11" url="https://cite.case.law/sw2d/864/555/#p557">id.
In their original appeal appellants challenged the trial court's first-step order (i.e. , the trial court's amended final judgment). In this appeal appellants purport to challenge the second-step post-judgment orders; however, the substance of appellants' complaints is about whether the trial court's final judgment could order payment of Aaron's indebtedness from the net proceeds. Matters related to the final judgment (including the portion ordering net proceeds from the sale of the property follow the payment of indebtedness, including the payment to extinguish all valid mortgages, liens, and other valid encumbrances) have been fully litigated and cannot be reviewed in this appeal purportedly involving second-step orders.
Further, it is undisputed that the property at issue, 110-114 Main, was sold on December 30, 2015. "A case becomes moot if a controversy ceases to exist at any stage of the proceedings, including the appeal." In re Kellogg Brown & Root, Inc. , 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); Aaron v. Aaron , No. 14-10-00765-CV, 2012 WL 273766, at *5 (Tex. App.-Houston [14th Dist.] Jan. 31 2012, no pet.) (mem. op.). Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. See Nat'l Collegiate Athletic Assoc. v. Jones , 1 S.W.3d 83, 86 (Tex. 1999) ; In re H & R Block Fin. Advisors, Inc. , 262 S.W.3d 896, 900 (Tex. App.-Houston [14th Dist.] 2008, orig. proceeding). The mootness doctrine implicates a court's subject matter jurisdiction, which "is essential to a court's power to decide a case." See State v. Naylor , 466 S.W.3d 783, 791-92 (Tex. 2015). Because appellants did not seek an emergency stay, supersedeas bond, or otherwise suspend the enforcement of the trial court's post-judgment orders, the sale of the property at issue was completed and, as such, the issues in this case must be dismissed as moot. See, e.g., Bass v. Bass , No. 05-15-01362-CV, 2016 WL 1703007, at *1 (Tex. App.-Dallas Apr. 27, 2016) (mem. op.) ("Because the property that was the subject of the appealed interlocutory order appointing a receiver has been sold, the appeal from that order is now moot."); Aaron , 2012 WL 273766, at *5 (parties sold property while appeal pending rendering issues moot); Taylor v. Hill , 249 S.W.3d 618, 624 (Tex. App.-Austin 2008, pet. denied) (in a partition suit the terms of an order confirming sale must be appealed-if at all-after its issuance, before the property is sold) (citing Long , 137 S.W.3d at 926 ); Shaw v. Allied Fin. Co. , 319 S.W.2d 820, 821-22 (Tex. Civ. App.-Fort Worth 1958, no writ history) (dismissed appeal as moot where receiver sold property and no supersedeas bond filed or *327 "stay" order sought); State v. Jackson , 101 S.W.2d 346, 347 (Tex. Civ. App.-Austin 1937, no writ history) (appeal dismissed when property already sold).
IV. Conclusion
Because our decision cannot have a practical effect on an existing controversy, the case is moot. Accordingly, without reference to the merits, we overrule appellants' issues and dismiss the appeal as moot. See Jones , 1 S.W.3d at 86.
( Frost, C.J., dissenting).
DISSENTING OPINION
Kem Thompson Frost, Chief Justice, dissenting.
The appellants challenge two post-judgment orders, asserting that (1) the trial court erroneously ordered the net proceeds from the sale of the property at 110-114 Main Street to be turned over to the receiver rather than to the trial court and (2) the trial court erroneously approved the deduction of certain items from the gross sale proceeds. The majority concludes that these complaints are moot because the sale of the property already has occurred, and therefore, the majority reasons, this court's judgment on appeal can have no practical effect on any existing controversy. An actual controversy between the parties as to the appellants' complaints continues to exist, and the sale of the property does not prevent this court from rendering a judgment that would have a practical effect on this controversy. So, the appellants' claims are not moot, and this court should not dismiss them on mootness grounds.
Law on Mootness
Appellate courts are not to decide moot controversies,[1] a rule rooted in constitutional prohibitions against rendering advisory opinions.[2] A case becomes moot if there ceases to be an actual controversy between the parties at any stage of the litigation.[3] If a judgment can have no practical effect on an existing controversy, the case becomes moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion.[4] A case becomes moot if, during the appeal, either of the opposing sides of the litigation ceases to have a legally cognizable interest in the appeal's outcome.[5]
The Existence of an Actual Controversy
Appellants Estate Land Company, Aaron Wiese, and Kamal Bannan (a/k/a Kamal Banani) (collectively the "Estate Land Parties") challenge the trial court's order confirming the sale of the property at 110-114 Main Street (the "Confirmation Order") and its order requiring the title company from the sale to turn over net sale proceeds to the receiver (the "Turnover Order"). The Estate Land Parties assert that the trial court erred in issuing these orders and that these orders conflict with and materially change a part of the trial court's prior final judgment because (1) the trial court ordered the receiver's distribution *328 of the sale proceeds without any requirement that the proceeds be "returned into court" for distribution by the trial court, as allegedly required by the trial court's final judgment; (2) the trial court approved certain deductions from the gross proceeds of the sale without determining whether each amount deducted was a payment to extinguish a valid mortgage, a valid lien, or another valid encumbrance, or a reasonable and necessary receiver, legal, or brokerage fee, as allegedly required by the trial court's final judgment; (3) in the Turnover Order, the trial court asserted personal jurisdiction over the title company from the sale even though the title company has not been served with process, waived service of process, or voluntarily appeared; and (4) in the Turnover Order, the trial court ordered the title company from the sale to turn over net sale proceeds to the receiver rather than ordering that the proceeds be "returned into court," as allegedly required by the trial court's final judgment. Though appellee Anthony Wiese asserts that the sale of the property moots the Estate Land Parties' appellate complaints, to the extent these issues are not moot, Anthony asserts that the Confirmation Order and the Turnover Order do not conflict with or materially change any part of the trial court's final judgment and that the trial court did not err as the Estate Land Parties allege. An actual controversy still exists between the Estate Land Parties and Anthony as to the Estate Land Parties' appellate complaints.[6]
Satisfaction of the Practical Effect Requirement
The majority concludes that, because the property at 110-114 Main Street has been sold to a third-party who is not a party to this litigation, this court cannot render an appellate judgment that would have a practical effect.[7] If the Estate Land Parties were complaining on appeal that the trial court erred in allowing this sale to proceed and were urging this court to render judgment ordering that the sale not take place, then the majority's conclusion would be correct.[8] But, the Estate Land Parties do not lodge this complaint or make this request on appeal; instead, they complain that the trial court erred in certain respects in ordering what should be done with the sale proceeds. They do not challenge the sale.
To the extent that one of the post-judgment orders materially changed the relief awarded in the prior final judgment, the trial court lacked jurisdiction to make the change, and this part of the order is void.[9]
If this court has appellate jurisdiction over the two orders and if this court were to find that the Estate Land Parties' appellate complaints have merit, this court could conclude that the challenged parts of the orders are void, and this court could remand to the trial court for further proceedings. Though the sale has occurred, the receiver is still operating, and the Estate Land Parties and Anthony are still parties to this case.[10] The trial court could *329 order Anthony and Kamal to repay funds to the receiver or could offset amounts against any future distributions in this case as to other properties. Despite the sale of the property, this court still could render an appellate judgment that would have a practical effect.[11]
The Majority's Description of the Estate Land Parties' Complaints
According to the majority, though the Estate Land Parties purport to challenge the two post-judgment orders, the substance of their appellate complaints is a challenge to the prior final judgment in which they assert that the trial court should not have ordered payment of Aaron's indebtedness from the net sale proceeds.[12] Neither the form nor the substance of the Estate Land Parties' appellate complaints challenges the prior final judgment.[13] In the challenge as to the deductions from the gross sale proceeds, the Estate Land Parties assert that the trial court erroneously approved certain deductions from the gross sale proceeds without determining whether each amount deducted was a payment to extinguish a valid mortgage, a valid lien, or another valid encumbrance, or a reasonable and necessary receiver, legal, or brokerage fee, as allegedly required by the trial court's final judgment. Though the majority asserts that the Estate Land Parties are challenging matters determined by the trial court's prior final judgment, a review of the Estate Land Parties' appellate complaints shows that they are not challenging any matter determined in the prior judgment.[14]
The Majority's Addressing of the Merits in Determining Jurisdiction
Even presuming for the sake of argument that the Estate Land Parties are challenging matters determined by the trial court's prior final judgment, those challenges would be barred by law of the case, claim preclusion, or issue preclusion. None of these doctrines (or facts supporting them) would deprive this court of jurisdiction or make any appellate complaint moot.[15] If, as the majority concludes, all of the Estate Land Parties' appellate complaints contradict the trial court's prior final judgment, the proper appellate disposition would be to affirm the post-judgment orders rather than to dismiss this appeal as moot.[16] In determining whether *330 this court lacks jurisdiction over this appeal based on mootness of the appellate complaints, this court may not address the merits of those complaints.[17] The merits of the Estate Land Parties' appellate complaints are not relevant to whether this court can render an appellate judgment that would have a practical effect, and this court should not address whether the prior judgment bars any of these complaints.[18]
For the foregoing reasons, the Estate Land Parties' complaints are not moot.[19] Because the majority reaches the opposite conclusion and dismisses this appeal on mootness grounds, I respectfully dissent.

If property is determined to be incapable of partition in kind, then the trial court must order partition by sale and determine the respective interests or shares of the persons entitled thereto. See Tex. R. Civ. P. 770.

With respect to the three other properties, Tony and Aaron have either agreed to a sale or the properties have not yet been sold.

On May 23, 2016, the trial court signed an Order Denying Defendant's Amended Motion to Compel Post-Judgment Deposition of Receiver. That order is the subject of a separate appeal in this Court under appellate cause number 14-16-00496-CV.

In their original appeal appellants contested the judgment of the trial court partitioning two properties located on Main Street in Houston (812 Main and 110-114 Main). This court affirmed the final judgment and the Texas Supreme Court denied review. See Estate Land Co. v. Wiese , No. 14-13-00524-CV, 2015 WL 1061553 (Tex. App.-Houston [14th Dist.] 2015, pet. denied) (mem. op.). While appellants' petition for review was pending, on January 19, 2016, appellants filed a petition for a writ of mandamus with the Texas Supreme Court. In their mandamus petition, appellants complained of the exact same post-judgment orders that are at issue in this appeal, arguing that the trial court lacked jurisdiction to order payment of Aaron's indebtedness and sale of the property should be "subject to" such indebtedness. On July 1, 2016, the Supreme Court of Texas denied appellants' mandamus petition, which was the same date appellants' petition for review was denied.
Additionally, on June 22, 2016, appellants filed another appeal from a post-judgment order in which the trial court denied Aaron's motion to take the deposition of the court-appointed receiver, Worley. This appeal remains pending before this court. See Estate Land Co. v. Wiese , appellate cause number 14-16-00496-CV.

Nat'l Collegiate Athletic Ass'n v. Jones , 1 S.W.3d 83, 86 (Tex. 1999).

See ids="11498631" index="26" url="https://cite.case.law/sw3d/1/83/#p86">id. ;see also Valley Baptist Med. Ctr. v. Gonzalez , 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) ("Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions.").

Jones , 1 S.W.3d at 86 ; see Robinson v. Alief I.S.D. , 298 S.W.3d 321, 324 (Tex. App.-Houston [14th Dist.] 2009, pet. denied).

Thompson v. Ricardo , 269 S.W.3d 100, 103 (Tex. App.-Houston [14th Dist.] 2008, no pet.).

See Jones , 1 S.W.3d at 87.

See In re C.C.E. , 530 S.W.3d 314, 318-19 (Tex. App.-Houston [14th Dist.] 2017, no pet.).

See ante at 326-27.

See Lee v. Lee , 528 S.W.3d 201, 209-10 (Tex. App.-Houston [14th Dist.] 2017, pet. filed).

See Partners In Bldg. v. Eure , No. 14-12-00123-CV, 2013 WL 1279407, at *2 (Tex. App.-Houston [14th Dist.] Mar. 28, 2013, no pet.) (mem. op.).

See Lee , 528 S.W.3d at 209-10 (concluding that challenges to approval of settlement agreement between the receiver and one party were not moot despite closing of the agreement because the complained-of action could still be reversed and because there still was a live controversy); Taylor v. Hill , 249 S.W.3d 618, 622, 624-25 (Tex. App.-Austin 2008, pet. denied) (necessarily rejecting argument that appeal in partition case was moot because the property already had been sold and the net proceeds delivered to the parties whom the trial court found to have an interest in the property).

See Lee , 528 S.W.3d at 209-10 ; Taylor , 249 S.W.3d at 622, 624-25.

See ante at 325-26.

Seesupra at 324.

See ante at 325-26.

See Philips v. McNease , 467 S.W.3d 688, 697-99 (Tex. App.-Houston [14th Dist.] 2015, no pet.) (affirming, rather than dismissing appeal as moot, when the claim-preclusion doctrine barred the appellate complaints); Jacobs v. Jacobs , 448 S.W.3d 626, 630-31 (Tex. App.-Houston [14th Dist.] 2014, no pet.) (affirming post-judgment orders, rather than dismissing appeal as moot, when the law-of-the-case doctrine barred the appellate complaints); Simulis, LLC v. Gen. Elec. Capital Corp. , 392 S.W.3d 729, 735 n.7 (Tex. App.-Houston [14th Dist.] 2011, pet. denied) (noting that the proper recourse if a plaintiff asserts claims barred by law of the case, claim preclusion, or issue preclusion is for the defendant to seek judgment on the merits by filing a summary-judgment motion).

See Philips , 467 S.W.3d at 697-99 ; Jacobs , 448 S.W.3d at 630-31 ; Simulis, LLC , 392 S.W.3d at 735 n.7.

See Schwartzott v. Etheridge Prop. Mgmt. , 403 S.W.3d 488, 502 (Tex. App.-Houston [14th Dist.] 2013, no pet.) (concluding that, in determining this court's jurisdiction, the court does not address the merits of any of the claims); Smith v. City of League City , 338 S.W.3d 114, 129 (Tex. App.-Houston [14th Dist.] 2011, pet. denied) (holding that the merits of a claim are not at issue in determining whether courts have subject-matter jurisdiction over the claims and presuming for the sake of argument that the claim had merit in determining whether courts had jurisdiction over the claim).

See Schwartzott , 403 S.W.3d at 502 ; Smith , 338 S.W.3d at 129.

See In re C.C.E. , 530 S.W.3d at 318-19 ; Lee , 528 S.W.3d at 209-10 ; Taylor , 249 S.W.3d at 622, 624-25.