**Affirmed and Memorandum Opinion filed October 28, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00335-CV

## RIPLEY DEAN SUTTON, Appellant

## V.

## EMMETT SUTTON III AND CHERYL STALLWORTH, Appellees

**On Appeal from the 250th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-19-002560**

## MEMORANDUM OPINION

Appellees Emmett Sutton, III and Cheryl Stallworth sued their brother, appellant Ripley Dean Sutton, seeking the partition of an office building they owned as co-tenants. Appellant filed an ouster counterclaim against his siblings. Appellees filed a no-evidence summary judgment on that claim, which the trial court granted. Concluding the trial court did not err when it struck all of appellant's summary judgment evidence and then granted appellees' motion, we affirm the trial court's final judgment.

## BACKGROUND

This case involves a dispute between three siblings over the ownership and use of an office building. Each sibling owned an undivided interest in the office building. Appellees eventually filed suit against appellant seeking a court-ordered partition of the office building. Appellees asserted that the property was not susceptible to division in kind and should therefore be sold, with proceeds being divided among the three siblings according to their respective ownership interest.

In response, appellant filed a general denial as well as a counterclaim for ouster. Appellant alleged that the parties' co-tenancy began upon the death of their mother and that over the ensuing years appellees had "enjoyed exclusive, continuous use and possession of the property" and had denied appellant "all use, enjoyment, and possession of the property." Appellant sought compensation for the full value of his alleged loss of use of the property.

Appellees sought a declaration that the siblings' relative ownership interests were 1/6th for appellant and 5/12th for each appellee. Appellant agreed to these determinations and the trial court signed an agreed order to that effect. The trial court then appointed an appraiser to value the property and file a sworn appraisal. Once the sworn appraisal was filed with the trial court, the trial court signed an order notifying the parties of the appraised value and that any party could object to the appraisal within thirty days. While appellant initially objected to the appraised value, he eventually agreed to it.

Appellees then asked the trial court to determine the fair market value of the property. The trial court did so in an order notifying the parties that the fair market value was $260,000. The trial court also notified appellant that he could buy his siblings out for $216,666.67. Appellant did not exercise his option to buy out his siblings. At that point, appellees asked the trial court to order a partition of the

2

property by public sale.

Appellees also filed a no-evidence motion for summary judgment on appellant's ouster counterclaim. Appellees argued appellant had no evidence they had given him actual or constructive notice of repudiation of his co-tenancy rights in the property.

Appellant responded to appellees' no-evidence summary judgment motion and he attached three affidavits to his response. The first affidavit was signed by Jeff Tippens. Tippens stated that he was appellant's former attorney and he authenticated two letters attached to the affidavit. Tippens sent the letters to Chip Sommerville, an attorney who previously represented appellees. Both letters discussed the possibility of settling the dispute over joint ownership of the office building. The second affidavit was signed by Mark Hughes. Finally, appellant submitted the third affidavit signed by himself, which included a single paragraph directed toward his ouster counterclaim, which we quote below. Appellees filed objections to each of appellant's affidavits and the attached letters.

While appellees' no-evidence motion was pending, the trial court signed an agreed order declaring that a partition in kind would result in substantial prejudice to the parties. It ordered a partition by open sale of the property at a price not less than $260,000. The trial court then granted appellees' no-evidence motion for summary judgment. The trial court also sustained appellees' objections to appellant's affidavits in the same order.

Thereafter, pursuant to the trial court's earlier agreed order, the office building was sold. After the sale closed, appellant and appellees executed a general warranty deed to the buyers and the sales proceeds were distributed to appellant and appellees in accordance with their agreed ownership interests. This

appeal followed.[1]

ANALYSIS

Appellant raises two issues on appeal challenging only the trial court's granting of appellees' no-evidence motion for summary judgment. Before we consider those issues, we must first address the parties' contentions that this court lacks jurisdiction to consider appellant's appeal.

**I.     This court has jurisdiction to consider appellant's appeal.**

Whether a court has subject-matter jurisdiction is a question of law subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 Tex. 2004). Subject-matter jurisdiction is essential to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013).

While appellees were the first to challenge our jurisdiction, we initially address the jurisdictional challenge appellant raised in his reply brief. Appellant argues that the Travis County District Court did not have jurisdiction over the siblings' dispute because, in appellant's view, their mother's estate was still pending in the Travis County Probate Court at the time the partition suit was filed. In support of his argument, appellant asks this Court to take judicial notice of the docket sheet of the probate court handling his mother's estate. Appellant asserts the docket sheet does not show that the estate was formally closed. According to appellant, because his mother's estate was still pending in the Travis County

---

[1] The Supreme Court of Texas ordered the Third Court of Appeals to transfer this case to this court. *See* Tex. Gov't Code § 73.001. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue.

4

Probate Court, the Texas Estates Code assigns exclusive jurisdiction over the siblings' office building dispute to the same probate court. *See* Tex. Estates Code § 32.005 (providing that statutory probate court has exclusive jurisdiction of all probate proceedings "unless the jurisdiction of the statutory probate court is concurrent with the jurisdiction of . . . any other court."). Based on this, appellant asserts the trial court's orders and judgment are void and we have jurisdiction only to reverse them and then dismiss the appeal. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) ("If trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").

While it may be true there was no formal order closing the mother's estate, that is not always required. Instead, "an estate is closed when the probate court signs an order discharging the administrator and closing the estate, or when all of the estate's property is distributed, the estates' debts are paid, and there is no need for further administration." *In re Blankenship*, 392 S.W.3d 249, 257–58 (Tex. App.—San Antonio 2012, no pet.). Appellant offers no evidence establishing that when the partition suit was filed, there were any unpaid estate debts, undistributed property, or any other need for further administration of the mother's estate. Instead, in the trial court, the three siblings agreed, and the trial court declared, that the office building was owned solely by the siblings as co-tenants. This indicates the probate proceeding had closed. Accordingly, we conclude that the probate court's exclusive jurisdiction was not triggered. *See In re Stegall*, No. 02-17-00410-CV, 2019 WL 6205244, at *8 (Tex. App.—Fort Worth Nov. 21, 2019, no pet.) (mem. op.) ("A pending probate proceeding triggers a statutory probate court's exclusive subject-matter jurisdiction over any cause of action related to the probate proceeding under Section 32.005.") (internal quotations omitted). The Fort

5

Worth Court of Appeals recently addressed a similar case. In *Baker v. Baker*, the Fort Worth Court of Appeals held that "because no probate proceeding was pending at the time Amy filed her partition suit, the exclusive-subject-matter-jurisdiction provision of section 32.005 was not triggered." No. 02-18-00051-CV, 2018 WL 4224843, at *2 (Tex. App.—Fort Worth Sept. 6, 2018, no pet.) (mem. op.). Because there was no pending probate proceeding when the partition suit was filed, we reach the same conclusion here.

We turn now to appellees' contentions that this court lacks jurisdiction because (1) appellant did not timely appeal the trial court's orders addressing the partition of the office building; and (2) the unchallenged sale of the office building rendered the dispute moot. We address these contentions in order.

Appellees' jurisdictional arguments arise out of the unique procedures used to resolve partition suits. A partition suit involves a multi-step process, and it has two final judgments, both of which are appealable as a final judgment. *Estate Land Co. v. Wiese*, 546 S.W.3d 322, 325 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). In the first step of a partition suit, the trial court determines whether the partition will be in kind or by sale, the share or interest of the joint owners or claimants, and all questions of law or equity affecting title. *Id.*; *Johnson v. Johnson-McHenry*, 978 S.W.2d 142, 144 (Tex. App.—Austin 1998, no pet.). In the second step, assuming the trial court, as it did here, determines the property must be partitioned by sale, the trial court approves the terms of the proposed sale. *Estate Land Co.*, 546 S.W.3d at 326. This second order must be appealed after its issuance, but before the property is sold. *Id.*; *Taylor v. Hill*, 249 S.W.3d 618, 624 (Tex. App.—Austin 2008, pet. denied). Assuming there is an appeal of this second order, matters that were determined by the first decree cannot be reviewed. *Thomas v. McNair*, 882 S.W.2d 870, 877 (Tex. App.—Corpus Christi 1994, no

6

writ).

In appellees' view, we lack jurisdiction because the trial court was required to resolve appellant's ouster claim during the first step of the partition process and then account for any amount it found appellant was owed for lost use and enjoyment of the office building when it determined each sibling's ownership share. Appellees, citing this Court's *Estate Land Company* opinion, argue appellant was required to immediately appeal the trial court's failure to account for his ouster claim in its first order and because he did not, we do not have jurisdiction to consider his challenge at this stage of the litigation. 546 S.W.3d at 325 (stating that "issues determined by the partition order must be challenged following issuance of the partition order; they cannot be attacked collaterally after the court issues a later order or judgment"). We disagree.

"It is well settled that the obligations and equities between the parties to an action to partition property in which they are jointly interested **may** be adjusted and enforced by the court in the partition suit." *Goodloe & Meredith v. Harris*, 94 S.W.2d 1141, 1144 (Tex. [Comm'n Op.] 1936) (emphasis added). In other words, the trial court has the discretion on whether to address these types of claims before or after the sale of the land. *Burdette v. Estate of Burns*, 200 S.W.3d 358, 363 (Tex. App.—Dallas 2006, no pet.) ("It remains within the discretion of the trial judge whether to address these issues prior to the sale."); *Thomas*, 882 S.W.2d at 878 ("Because of the preliminary nature of the first judgment, it remains within the power and discretion of the trial court to address these matters after the sale."). An examination of the record reveals that the trial court exercised its discretion to address appellant's ouster claim after the first order determining the parties' respective ownership interest in the office building, which was undisputed. As a result, there was no ruling on appellant's ouster claim for appellant to appeal until

the second final judgment concluding the partition proceeding made the trial court's interlocutory summary judgment order on his ouster claim final.

We turn next to appellees' argument that we do not have jurisdiction because the sale of the office building renders appellant's ouster claim moot. A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC, d/b/a Panda Power Funds*, 619 S.W.3d 628, 635 (Tex. 2021). If a controversy becomes moot, the plaintiff loses standing to maintain his claims. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appellate court is prohibited from deciding a moot controversy. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 85 (Tex. 1999).

A cotenant in possession who excludes another cotenant is liable to the excluded cotenant for the rental value of his or her possession. *McGehee v. Campbell*, No. 01-08-1023-CV, 2010 WL 1241300, at *4 (Tex. App.—Houston [1st Dist.] March 25, 2010, no pet.) (mem. op.). Appellees have cited no authority, and our own research has revealed none, mandating that any recovery appellant may receive if his ouster claim is successful must be paid exclusively from the proceeds of the sale of the office building. As a result, we hold that the sale of the office building did not render appellant's ouster claim moot.

## II. The trial court did not err when it granted appellees' no-evidence motion for summary judgment.

As mentioned above, appellees filed a no-evidence motion for summary judgment asserting appellant had no evidence that appellees had given him actual

or constructive notice of repudiation of his co-tenancy rights in the office building. The trial court granted the motion. Appellant brings two issues on appeal attacking the trial court's granting of appellees' no-evidence motion for summary judgment. In his first issue, appellant argues the trial court erred when it sustained appellees' objections to his summary judgment evidence and then struck the affidavits and attached exhibits. Appellant's second issue builds upon his first. Appellant argues that his summary judgment evidence creates a genuine issue of material fact on the challenged element of his claim. We address these issues together.

## A.    Standard of review and applicable law

We review the trial court's grant of summary judgment de novo. *See, e.g.*, *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006).

A movant may obtain a no-evidence summary judgment by asserting that there is no evidence of one or more essential elements of a claim on which the nonmovant has the burden of proof. Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 582. We sustain a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the nonmovant produces more

9

than a scintilla of evidence to raise a genuine issue of material fact, the trial court cannot grant a no-evidence summary judgment. Tex. R. Civ. P. 166a(i). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions as to the existence of the vital fact. *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Summary judgment evidence must be presented in a form that would be admissible at trial. *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.). We review a trial court's decision to exclude or admit summary judgment evidence for an abuse of discretion. *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 667 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Further, to establish reversible error on an evidentiary complaint, the complaining party must show that the trial court erred in excluding the evidence and that the error probably caused the rendition of an improper judgment. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000).

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted and is inadmissible unless a statute or rule of exception applies. Tex. R. Evid. 801(d), 802. The proponent of hearsay has the burden to show that the testimony fits within an exception to the general rule. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004).

A conclusory statement is one that expresses a factual inference without providing underlying facts to support that conclusion. *Leonard v. Knight*, 551 S.W.3d 905, 911 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Affidavits that

state conclusions without providing underlying facts to support those conclusions are not proper summary judgment evidence. *Id.* To avoid being excluded as conclusory, an affidavit must contain specific factual bases, admissible in evidence, from which any conclusions are drawn. *Id.*

> **B.** **The trial court did not abuse its discretion when it struck the Tippens affidavit and attached letters.**

We turn first to the trial court's striking of the Tippens affidavit and the attached letters. In his affidavit Tippens stated that he was an attorney licensed in the state of Texas. He further stated that he represented appellant in 2018 and 2019 in connection with appellant's interest in the disputed office building. Tippens then identified the two letters attached to his affidavit as letters he sent on behalf of appellant to the attorney representing appellees at the time. Appellees objected that the Tippens affidavit was conclusory and unsubstantiated by any supporting facts. Appellees also objected that the two attached letters were inadmissible because they contained hearsay and communications regarding possible settlement of the dispute. The trial court struck both the affidavit and the attached letters.

The Tippens affidavit is not conclusory because it contains statements of fact. The trial court therefore abused its discretion when it sustained appellees' objection and struck it. We conclude, however, that the trial court's error in striking the affidavit was harmless because it contains no evidence regarding the challenged element of appellant's ouster claim. *See* Tex. R. App. P. 44.1(a)(1); *Waterway Ranch, LLC v. City of Annetta*, 411 S.W.3d 667, 679 (Tex. App.—Fort Worth 2013, no pet.) (concluding that any error in striking affidavit was harmless because none of the facts stated therein, even if true, affected the propriety of the plaintiff's claim).

We turn next to the letters attached to the Tippens affidavit. Both letters conveyed (1) appellant's position that appellees had excluded him from the property, and (2) proposals to settle the dispute. We conclude the trial court did not abuse its discretion when it struck both letters because they were based entirely on hearsay and contained settlement communications. *See* Tex. R. Evid. 408(a) (prohibiting use of settlement communications as evidence proving or disproving a claim); Tex. R. Evid. 801(d), 802 (defining hearsay as an out-of-court statement offered in evidence to prove the truth of the matter asserted and stating that it is generally inadmissible).

### C.    Any error in striking the Hughes affidavit was harmless.

In his affidavit Hughes stated that he had known appellant and appellees for over twenty years. He then stated that he was "familiar with their office conflicts and business done with" his company. Hughes continued that appellant had asked him to testify regarding disputes that arose between appellant and appellees "concerning unauthorized contact with [appellant's] longtime clients." Appellees objected that the Hughes affidavit was conclusory. We need not decide if the affidavit was conclusory because even if the trial court erred when it struck it, the error was harmless because nothing Hughes stated in his affidavit has any connection with appellant's ouster cause of action. *See* Tex. R. App. P. 44.1(a)(1); *Waterway Ranch, LLC*, 411 S.W.3d at 679.

### D.    The trial court did not reversibly err when it struck paragraph 7 of appellant's affidavit.

Appellant's affidavit included a single paragraph directed toward his ouster counterclaim. That paragraph, with numbering added, provides:

> [1] In 2014 after my mother's death I contacted [appellee Cheryl Stallworth] several times to inform her of me having an associate in my office space to do production based on joint work. [2] I had been

12

referred to several highly regarded agents. [3] I had informed my mother in about 2012 in John Cambell's [sic] office of this and she said she agreed that it would be good for everyone and said she would inform my sister. [4] My mother was having a difficult time with understanding for many years and may or may not have informed Cheryl. [5] Cheryl refused all calls and would not meet or talk of anything. [6] And [Cheryl] would not allow Sub to either. [7] I then discussed the problem in 2014 with attorney John Crane who sent a letter [to] have my production interest sent to my daughter if [Cheryl] continued to ban me and/or an associate from the office. [8] Cheryl was very familiar with my wishes and knew how to calculate production income for a housed agent. [9] [Cheryl] informed me only 1 time that neither I nor anyone I knew would be welcome at that office. [10] John Crane and I then discussed waiting until the sale of the property (because values were skyrocketing) and making the ousting and loss of income a claim at the time of sale.

Appellees objected that each sentence of this paragraph was conclusory and hearsay. They also objected that the tenth sentence contained statements that were speculative and based only on appellant's subjective belief. Finally, appellees objected that appellant's reference to a letter written by John Crane violated the best evidence rule found in Rule 1002 of the Texas Rules of Evidence. The trial court sustained appellees' objections and struck the affidavit in its entirety.

Appellant initially labels appellees' objection a "blanket objection" and argues it is insufficient because it fails to identify which parts of the affidavit are objectionable. An improper blanket hearsay objection, for example, is an objection that fails to identify which parts of the challenged document contain hearsay. *In re C.C.*, 476 S.W.3d 632, 635 (Tex. App.—Amarillo 2015, no pet.). That is not the situation we are presented with here. Instead, appellees specifically informed appellant, and the trial court, that they were objecting to every sentence contained in paragraph 7 of appellant's affidavit because appellees believed those sentences contained hearsay and were also conclusory. This is sufficiently specific. *See*

13

*Stovall & Assocs., P.C. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 797 (Tex. App.—Dallas 2013, no pet.) (stating that an "objecting party must make specific objections to each component part of a particular piece of evidence to preserve error on appeal.").

Appellant next challenges the trial court's granting of appellees' objections only with respect to sentences 5, 6, 7, 8, and 9 of paragraph 7 of his affidavit. We address them in order.

Sentences 5 and 6 provide that "Cheryl refused all calls and would not meet or talk of anything. And [Cheryl] would not allow Sub to either." We conclude that neither sentence is conclusory nor do they contain hearsay. However, even if the trial court erred when it struck these two sentences, we conclude any error was harmless because the challenged sentences are not relevant to appellant's ouster cause of action and therefore constitute no more than a mere scintilla of evidence on the challenged notice of repudiation element of appellant's claim. *See* Tex. R. App. P. 44.1(a)(1); *Waterway Ranch, LLC*, 411 S.W.3d at 679.

Sentence 7 provides that "[appellant] then discussed the problem in 2014 with attorney John Crane who sent a letter [to] have my production interest sent to my daughter if [Cheryl] continued to ban me and/or an associate from the office." We conclude this sentence is hearsay and the trial court did not abuse its discretion when it sustained appellees' objection and struck it. *See* Tex. R. Evid. 801(d) (defining hearsay as an out-of-court statement offered in evidence to prove the truth of the matter asserted and stating that it is generally inadmissible); 802 (stating that hearsay is not admissible except when by permitted by specified exceptions not applicable here).

In sentence 8 appellant stated that "Cheryl was very familiar with my wishes and knew how to calculate production income for a housed agent." We conclude

this sentence is conclusory and the trial court did not abuse its discretion when it sustained appellees' objection and struck it. *See Padilla v. Metropolitan Transit Authority of Harris County*, 497 S.W.3d 78, 85 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (defining conclusory statements). However, even if the trial court erred when it struck this sentence, we conclude any error was harmless because the sentence is not relevant to appellant's ouster cause of action and therefore constitutes no more than a mere scintilla of evidence on the challenged notice of repudiation element of appellant's claim. *See* Tex. R. App. P. 44.1(a)(1); *Waterway Ranch, LLC*, 411 S.W.3d at 679.

In sentence 9 appellant states that "[Cheryl] informed me only 1 time that neither I nor anyone I knew would be welcome at that office." We agree with appellant that this statement is not hearsay because it was made by a party opponent. *See* Tex. R. Evid. 801(e)(2). We do, however, hold that the statement is conclusory because appellant does not offer facts anywhere in his affidavit identifying the office where he would not be welcome as the office building at issue in this litigation. *See Alicea v. Curie Building, LLC*, No. 08-19-00235-CV, 2021 WL 614794, at *3 (Tex. App.—El Paso Feb. 17, 2021, no pet.) ("An affidavit must contain detailed accounts of the facts or provide supporting documents in order to be sufficient summary judgment evidence."); *Nationwide Coin and Bullion Reserve, Inc. v. Thomas*, 625 S.W.3d 498, 504 (Tex. App.—Houston [14th Dist.] 2020, no pet. h.) ("[A] conclusory statement expresses a factual inference without providing underlying facts to support that conclusion"); *Padilla*, 497 S.W.3d at 85 (observing that a statement in an affidavit is conclusory when it "expresses a factual inference without providing underlying facts to support that conclusion"). We therefore hold that the trial court did not abuse its discretion when it struck sentence 9 of appellant's affidavit. *See Duncan v. Lisenby*, 912

15

S.W.2d 857, 859 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("An affidavit does not constitute competent summary judgment proof if it is conclusory or based on opinion."); *cf. Alicea*, 2021 WL 614794, at *3 ("An affidavit that makes factual conclusions or conclusory statements without providing factual statements is insufficient evidence to warrant summary judgment.").

In summary, the trial court did not abuse its discretion when it struck most of appellant's summary judgment evidence. In addition, we hold that appellant's remaining evidence was insufficient to raise a genuine issue of material fact on the challenged element of appellant's ouster cause of action. The trial court therefore did not err when it granted appellees' no-evidence motion for summary judgment. We overrule appellant's issues on appeal.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's final judgment.


/s/    Jerry Zimmerer
       Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.

16