**DISMISSED and Opinion Filed May 6, 2022**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00547-CV

### CHARLES ISOLA, Appellant
### V.
### SOPHIA POLK, Appellee

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-00723-2020**

## MEMORANDUM OPINION
Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

Charles Isola appeals from the trial court's order appointing a receiver to sell a home in which both he and Sophia Polk claim an interest. Before the court is Ms. Polk's motion to dismiss the appeal as moot, noting that the receiver has sold the property in question and deposited the proceeds in the trial court's registry.

It is well settled that when "a party appeals an order appointing a receiver and the property has been sold, the appeal of the order becomes moot."[1]

---

[1] *In re O.M.*, No. 05-19-00909-CV, 2020 WL 4746567, at *1 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op.); *Bass v. Bass*, No. 05-15-01362-CV, 2016 WL 1703007, at *1 (Tex. App.—Dallas April 27, 2016, pet. denied) (mem. op.); *see also Antolik v. Antolik*, 625 S.W.3d 530, 541–42 (Tex. App.—

Mr. Isola argues the appeal is not moot, because the trial court has not yet distributed the proceeds from the sale. He contends that, if we rule in his favor on his substantive arguments attacking the propriety of the receivership order, it will influence the trial court's later determination as to how the sale proceeds should be divided between the parties.

Mr. Isola, however, did not seek an emergency stay, or otherwise seek to suspend enforcement of the trial court's receivership order pending our review on the merits. And the object of the receivership order is now complete—the property has been sold to third parties, the proceeds from the sale have been deposited in the registry of the court, and the trial court has discharged the receiver. At this point, we cannot grant Mr. Isola relief from the order he appeals. Thus, the controversy underlying the appeal as to the propriety of appointing a receiver is now moot.[2]

We grant Ms. Polk's motion and dismiss the appeal.


210547f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

Texarkana 2021, pet. denied); *Crestor Global Inv. Delaware LLC v. Wilmington Trust Nat'l Assn. for Registered Holders of Colony Am. Fin. 2015-1 Mortgage-Backed Notes*, No. 02-18-00109-CV, 2018 WL 4782167, at *2 (Tex. App.—Fort Worth Oct. 4, 2018, no pet.) (mem. op.); *Mitchell v. Turbine Res. Unlimited, Inc.*, 523 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Estate Land Co. v. Wiese*, 546 S.W.3d 322, 326–27 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

[2] *See In re O.M.*, 2020 WL 4746567, at *1; *Bass v. Bass*, 2016 WL 1703007, at *1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES ISOLA, Appellant

No. 05-21-00547-CV     V.

SOPHIA POLK, Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-00723-2020.

Opinion delivered by Justice Carlyle. Justices Reichek and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee SOPHIA POLK recover her costs of this appeal from appellant CHARLES ISOLA.

Judgment entered this 6th day of May, 2022.